THE STATE v. JESSE A. OAKES, Appellant.

Division Two, March 5, 1907.

1. **PLEA IN BAR: Acquittal Under One Count: Defiling Ward.** An acquittal under the first count of an indictment which charged carnal knowledge of an unmarried female of previous chaste character, is no bar to a prosecution under the second count which charged the defendant with having carnal knowledge of the same female while confided to his care and protection. A demurrer to a plea in bar in such case should be sustained, for the question is purely a question of law, apparent on the record. Nor does it alter the case that the plea in bar alleges that the same evidence was at the first trial introduced to sustain both counts, and that the same evidence will again be introduced on a retrial of the second count, and that the same facts which at the first trial were used to show defendant guilty under the first count would be used in the retrial to show him guilty under the second count. The offenses are distinct, and their essential elements are not the same. And the same is true as to a dismissal under a third count which charged a taking away for the purpose of concubinage.

State v. Oakes.

2. **DEFILING WARD: School Teacher: Girl of Tender Years: At Home of Parent.** Under the provisions of section 1845, R. S. 1899, which makes it a felony for any person to whose care and protection any female under the age of eighteen years may have been confided, to defile her, a school teacher, who gains the confidence of a girl fifteen or sixteen years old in the school room and who visits her at her widowed mother's house at night, in her mother's absence, and there defiles her, and later after her mother's return continues such relations, is guilty. She is not under his care and protection simply while she is in school, nor does that care and protection, within the meaning of the statute, cease on her return to her parents' house, even though they be at home.

3. ———: **Failure to Fully Instruct: Admissions: Error in Defendant's Favor.** Failure of the trial court to instruct the jury that what the defendant said against himself should be taken as true, but what he said in his favor could be believed or not by the jury as they thought the same true or false, the admissions being in letters written by him, if error at all, is error against the State, and could not have prejudiced defendant.

4. ———: **School Teacher: With Knowledge of Mother.** The court should not instruct the jury that, if they find and believe from the evidence that the visits of defendant, a school teacher, to the house of the prosecutrix, were made with the knowledge and consent of her widowed mother, then such knowledge or consent terminated for the time the relationship of pupil and teacher between the girl and defendant. The mother could not consent to a violation of the law; and besides, in this case, there was no evidence on which to base the instruction, the acts of sexual intercourse occurring when the mother was asleep or was away from her home nursing the sick.

5. **REMARKS OF COUNSEL: Corrected by Court.** Where the reproof of the trial judge, to the effect that remarks made by attorneys for the State were clearly outside of the record and improper, was sufficient to avoid the arousing of prejudice in the minds of the jury against defendant, the judgment will not be reversed, although such remarks are not approved and deserved a more severe censure.

Appeal from Henry Circuit Court.—*Hon. N. M. Bradley,* Special Judge.

AFFIRMED.

*Henry F. Poague* and *Foulke & Brown* for appellant.

(1) There was error upon the part of the trial court in sustaining the demurrer to defendant's plea in bar. (a) That there was a previous acquittal upon the first count of the indictment (which, for the purpose of this case, must and will be considered a separate indictment) is apparent, not only from the plea in bar, but from the record proper in the case. Even where the verdict is silent as to one or more counts, it amounts to an acquittal on those counts. State v. Gannon, 11 Mo. App. 504; State v. Cofers, 68 Mo. 120; State v. Bruder, 35 Mo. App. l. c. 482. But in this case there was a verdict of acquittal and a judgment of discharge, which under all the cases puts the matter at rest. State v. Gannon, supra; State v. Kuttleman, 35 Mo. 105; Crecilius v. Bierman, 68 Mo. App. l. c. 37; Pleas in bar are of three classes: 1, *autrefois acquit*; 2, *autrefois convit;* and 3, *autrefois attaint.* 1 Bishop's New Crim. Proced., sec. 742. Such pleas are mixed questions of law and fact. 9 Ency. Plead. and Prac., 633. Being such mixed questions of law and fact, the court must submit the question to a jury under proper instructions. This the trial court refused to do in this case, and therein committed error. Com. v. Merrill, 8 Allen 545; 9 Ency. Plead. and Prac., 639; Troy v. State, 10 Tex. App. 319; State v. Hudkins, 35 W. Va. 247; Com. v. Bademan, 105 Mass. 53; Henry v. State, 33 Ala. 399; Foster v. State, 39 Ala. 229; Dominick v. State, 91 Am. Dec. 496; DeArmond v. State, 77 Ala. 10; People v. Kinsey, 51 Cal. 278; State v. Wisebeck, 136 Mo. 214; State v. Goff, 66 Mo. App. 491. (b) This plea in bar was peculiarly one of mixed law and fact; the plea in bar pleads, in specific terms, the identity of the two charges, that the proof offered at the first trial would be the same as that to be offered on the present

trial. When defendant charged by his plea the identity of the offenses, and that they were one and the same transaction, the court should have heard the evidence, and submitted the question of facts to the jury. Authorities cited supra; Goode v. State, 70 Ga. 752; Lovett v. State, 80 Ga. 255; State v. Johnson, 11 Nev. 273; Grisham v. State, 19 Tex. App. 504. If the facts pleaded charged the identity of the two offenses, it is not for the court to decide upon demurrer, or otherwise, in advance of a trial, that the identity cannot be shown. Proof must be taken on the plea and a verdict returned. State v. Johnson, supra. (c) This plea in bar raised an issuable fact — whether or not the two alleged offenses were the same and grew out of one and the same transaction and none other. This question of fact guarantees to defendant a trial by jury of the issues. Constitution, art. 2, sec. 22. (2) (a) But going a step further. Suppose the plea in bar had not alleged extraneous matter, to raise a question of fact, as to the identity of the two alleged offenses and that they grew out of the one transaction, and none other, as this plea did, but had only set out record entries, yet the plea was good and the demurrer should not have been sustained. This indictment with the three counts thereof, was bottomed on sections 1839, 1842, and 1845, of our statutes. These sections, with section 1837, are cognate statutes, the gist of which is the unlawful carnal knowledge of a female and an assault upon the person of the female. In all, the assault is and must be against the consent, but even if consent is given in some, it is not recognized because of the age of the party assaulted, as such age of consent is fixed by the statute. This does not change the basic principles of the offense, however. The gist of all the offenses remains the unlawful carnal knowledge of a female, which is an assault upon the person, in which case an acquittal of one offense, growing out of the same state of facts, is

a bar to all. State v. Colgate, 47 Am. Rep. 507; State v. Cooper, 25 Am. Dec. 490; Wilcox v. State, 40 Am. Rep. 53; Roberts v. State, 58 Am. Dec. 528; Cooper v. Commonwealth, 51 S. W. 789; Dinkey v. Commonwealth, 55 Am. Dec. 542; State v. Cleason, 9 N. W. 126; Com. v. Amer, 24 Atl. 83; Franklin v. State, 11 S. E. 876; State v. Locklin, 10 Atl. 464. (b) Our own court has practically passed upon this case and the law thereof. State v. Headrick, 179 Mo. 308. (3) The court erred in permitting evidence as to what occurred between the parties after the school had closed which would be after the relationship contemplated by the statute had closed. This proposition requires no citation of cases. (4) Defendant made a written request for instructions upon questions arising from the evidence and record in this case. He excepted to the failure of the court to do so. The court admitted a lot of letters by defendant, upon the theory that they were admissions by defendant. The court should have told the jury that what defendant said in said letters against himself should be taken as true, but what he said in his behalf should be weighed by the circumstances and facts in the case. In other words, the court should have given the usual instruction as to previous statements made by defendant. (5) Defendant's refused instruction 3 should have been given. Even though prosecuting witness was a pupil of the defendant, yet if his visits with her were at her house, and with the consent of her mother, who had charge of the home and the minor child therein, then defendant was not violating the statute by defiling her, when she went home and her mother assumed the reins of government and consented to or had knowledge of his visits; such act of itself terminated the relation of pupil and teacher as contemplated by the statute. (6) The argument of prosecutor Hinkle, and special prosecutor Judge Lindsay, cannot be upheld by this court. The trial court, it is true, admonished

Judge Lindsay several times and in desperation the court said he would reprimand him, if he (the court) knew what to say. This argument was highly improper and prejudical and its effect was not cured in what the court attempted to do. State v. Young, 99 Mo. 666; State v. Prendible, 165 Mo. 329; State v. Shipley, 174 Mo. 612.

*Herbert S. Hadley*, Attorney-General, and *N. T. Gentry*, Assistant Attorney-General, for the State.

(1) No error was committed by the trial court in overruling defendant's plea in bar, as the same was wholly without merit. An acquittal of defendant on the first and third counts of the indictment could not possibly affect the second count. It may be argued by counsel that the act of sexual intercourse, alleged to have been indulged in between defendant and prosecutrix, was the criminal act which formed the basis of the prosecution in each one of the three counts. This may be conceded, and yet a defendant be guilty of defiling his ward, although not guilty of violating the carnal knowledge statute, and not guilty of taking a female away from her mother for the purpose of concubinage. The female may not have been of previously chaste character, hence defendant would not have been guilty of violating the carnal knowledge statute. Or, the mother may not have been legally in charge of the female, or the defendant may not have taken her away for the purpose of concubinage, or may not have taken her away at all. The statement of a cause of action in different counts, in either a civil or criminal case, is permissible, in order that the allegation may correspond with the facts, as disclosed by the evidence. It can hardly be argued that, if after defendant had been convicted on the second count at the first trial, and his motion for a new trial had been overruled, he would have been entitled to be released on a writ of *habeas*

*corpus.* And yet defendant's argument on the subject of former jeopardy, would lead to that result, which argument can not be sustained. (2) No error was committed by the court in sustaining the demurrer of the State to defendant's plea in bar. When the facts alleged in a plea in bar do not constitute a good ground for sustaining such a plea, a demurrer should be filed by the State and sustained by the court. State v. Laughlin, 180 Mo. 357; 1 Bishop's New Crim. Proc., sec. 816; Clark's Crim. Proc., 286, 382-383; State v. Anderson, 186 Mo. 25. (3) Defendant was not entitled to a trial by a jury on his plea in bar, as this court has decided in cases where similar pleas have been filed. Therefore, no error was committed by the trial court in refusing to summon a jury to try and pass upon that question. State v. Laughlin, supra; State v. Goddard, 162 Mo. 198. The Headrick case (179 Mo. 300), cited by and relied on by appellant, is not in point, and is no authority in the case at bar. Campbell v. People, 4 Am. Crim. Rep. 338. (4) No error was committed in permitting prosecutrix to testify to acts of intercourse committed after the close of school. Prosecutrix testified to her first meetings with defendant in January, 1905, of his having sexual intercourse with her on the third visit. As school did not close till the following May, this act of sexual intercourse, and the ones following, were clearly sufficient to constitute the crime of defiling one who was confided to defendant's care and keeping. It must be remembered that the indictment charged defendant with the commission of the crime on the — day of July, 1905; and the State's evidence tended to sustain this portion of the charge. Evidence of acts of sexual intercourse between the parties, committed prior to the one here charged, were competent. State v. Palmberg, 199 Mo. 233; 4 Elliott on Evidence, sec. 3105; State v. King, 117 Iowa 768; People v. Edwards, 73 Pac. 416; State v. Bochert, 68 Kan. 360;

Smith v. Com., 22 Ky. L. 1349; State v. Robertson, 121 N. Car. 551; Hamilton v. State, 36 Texas Crim. 372. (5) No error was committed in failing to instruct the jury upon all the law applicable to the case. The fact that the court did not instruct the jury that what the defendant said against himself, in the letters, should be taken as true, but what he said in his behalf could be believed or not, as the jury thought the same to be true or false, could not possibly have injured defendant. Indeed, it may be said that the failure to so instruct was an error for which the State, and not the defendant, might complain; which of course is an error that defendant can not now take advantage of. Lynch v. Railroad, 111 Mo. 601; Elliott on Appellate Proc., sec. 643. (6) The trial court properly refused defendant's instruction 3, to the effect that defendant was not guilty if the jury found that defendant's visits to the house of prosecutrix were had with the knowledge and consent of the mother of the prosecutrix. In the first place, said instruction was not based upon any evidence, as prosecutrix testified that many of defendant's visits were had at nights, while her mother was asleep; that others were had at nights while her mother was away from home sitting up with a sick lady; and that other visits were made out in the yard, whither prosecutrix had gone, pretending to her mother that she had another excuse for going out. In the second place, said instruction does not properly declare the law; as the mother could not consent to a violation of the law by defendant. Even if the mother had known that defendant was having sexual intercourse with prosecutrix, and had consented thereto, defendant would still be guilty. It was not necessary that these acts be committed at the school house, nor during school hours; but the crime denounced by the statute is the defilement of a female under eighteen years of age by the man who has been entrusted with her care and keeping. R. S.

1899, sec. 1845; State v. Terry, 106 Mo. 209; State v. McClain, 137 Mo. 307; State v. Napper, 141 Mo. 401; State v. Young, 99 Mo. 284; State v. Summar, 143 Mo. 220; State v. Rogers, 108 Mo. 202; State v. Hesterly, 182 Mo. 16. (7) The language used by the prosecuting attorney, and by his associate, was not as objectionable as learned counsel would have this court to believe. A prosecuting officer may denounce the crime that the defendant is charged with, and may draw all legitimate conclusions which the evidence tends to suggest and support. But even if some indiscreet remark was made, that does not entitle defendant to a reversal. State v. Sublett, 191 Mo. 174; State v. Fitzgerald, 130 Mo. 426; State v. Hibler, 149 Mo. 484; Morrison v. State, 76 Ind. 338. Some of the alleged objectionable remarks were what this court has heretofore termed "wholly immaterial" and therefore not prejudicial. State v. Griffin, 87 Mo. 615; State v. Miles, 199 Mo. 530. But the trial court sustained defendant's objections to some of the remarks made by the representatives of the State and directed the jury not to consider the same. It is therefore insisted that whatever error, if any, was committed, the same was thereby corrected, and promptly corrected, by the action of the trial court. State v. Barrington, 198 Mo. 23; State v. Fitzgerald, 130 Mo. 436. A rebuke from the trial court will cure an indiscreet or an improper remark, such as this one. Thompson on Trials, sec. 960; Thornton on Juries, sec. 454; State v. Taylor, 134 Mo. 158.

FOX, P. J.—This cause is here upon appeal by the defendant from a judgment of the Henry Circuit Court, convicting him, under the provisions of section 1845, Revised Statutes 1899, of defiling his ward.

At the September term, 1905, of the circuit court of Henry county the grand jury returned an indictment against the defendant, embracing in such indictment three counts. The first count charged him, under

the provisions of the statute, with having carnal knowledge of Opal Knaus, an unmarried female between the ages of fourteen and eighteen years, of previously chaste character; the second count charged the defendant with having carnal knowledge of Opal Knaus, a female under the age of eighteen years, who was then and there confided to his care and protection; the third count charged the defendant with taking one Opal Knaus, a female under the age of eighteen years, from her mother, for the purpose of concubinage. On December 19, 1905, being at an adjourned term of the Henry Circuit Court, the defendant was tried by a jury. On the 20th of December, 1905, during such trial, the prosecuting attorney dismissed the third count of said indictment. At such trial defendant was found guilty of the offense charged in the second count and was acquitted of the charge contained in the first count. Upon motion and at the request of the defendant a new trial was granted him and he was again tried upon the charge embraced in the second count at the January term, 1906. It is this trial that is now before us for review.

Before the trial proceeded the defendant withdrew his plea of not guilty and filed his plea in bar of this prosecution. We deem it unnecessary to reproduce in full the allegations contained in this plea. It is sufficient to state that it is predicated upon the acquittal of the defendant of the charge in the first count. It fully and correctly sets forth the pleadings and record in connection with the trial in which a verdict of not guilty as to the first count was returned; makes allegation that the offense as charged in the second count grew out of the same transaction as that contained in the first count, of which defendant had been acquitted; that the defendant is the same person who was tried and that the evidence offered wherein the defendant was acquitted, was to the effect that Opal Knaus was fifteen years old and that she was a pupil of defendant, who

was then a school teacher, and that while said relations existed, he carnally knew her and had intercourse with her. That prior thereto she was of previous chaste character and that the proof then made will be the same proof in this trial and none other; that this defendant stands ready to verify and prove all the facts and things alleged in his plea in bar. Then follows the prayer of the defendant in which he says that by reason of the terms and facts as stated in his plea in bar he stands fully acquitted of the alleged crimes, offenses or felonies charged in the first count and he asks that he be permitted to prove and verify the same and that he have a trial thereof to the end that he may be discharged from a further trial of the second count herein or any other count in said indictment. To this plea in bar the State first filed an answer, which upon motion of the defendant was stricken out. The State thereupon filed a demurrer to defendant's plea which, over the objections and exceptions of defendant, was sustained. Defendant thereupon refused to plead further and the court ordered entered of record a plea of not guilty and the trial proceeded.

At said trial the State's evidence substantially tended to show that the defendant was a school teacher by occupation, and that he taught one term and was principal of school in Urich, Henry county, Missouri. Prosecutrix lived with her widowed mother in the town of Urich, and attended the school which defendant taught. This term of school opened in September, 1904, and continued till the following May, when defendant taught a summer school. Shortly after the opening of school, defendant began paying attentions to prosecutrix, who was then nearly fifteen years of age. Defendant would hand love verses to prosecutrix, read them to her and say that they applied to "our case." Defendant was a married man, but was not living with his wife. When prosecutrix would go up with her class to recite, defendant would always borrow

her book; and, in returning it, would press her hands close and fondle with them. Prosecutrix and defendant were together often during recess and noon hour, and defendant often talked to her on religious subjects. In January prosecutrix told defendant that they must stop being together so much, and he must stop paying her so much attention, as persons were beginning to talk about them. Defendant said nothing at that time, but late that afternoon defendant handed prosecutrix her book and indicated to her that there was a note in it for her. In this note, defendant asked permission of prosecutrix to meet her at 11 o'clock that evening, and prosecutrix answered, saying for him to come to a certain door of her house. Defendant came, told her how much he cared for her and loved her, that his life would always be miserable unless she permitted him to go ahead with his attentions, that both of them were Christians and that it was her Christian duty to permit him to visit her. No one was at home this night except prosecutrix and her grandmother, her mother having gone to a neighboring town. As the grandmother had gone to bed, no one knew of this visit to prosecutrix. Defendant further told prosecutrix that his wife cared nothing for him, that he cared nothing for her, as she was not a Christian woman, and was only a drawback to him. He further professed love for prosecutrix and said that he needed her to help him in his Christian life, and that he believed that he could help her a great deal. At the close of this visit, defendant asked prosecutrix if he could call again, and she consented that he might. Defendant called the next night, met prosecutrix, caressed her, and took improper liberties with her person. Defendant made a third visit the next night (her mother still being away) and this time had sexual intercourse with prosecutrix. Defendant and prosecutrix had various meetings after that, one on returning from prayer-meeting, others out in the yard and still

others in the kitchen.  At these various meetings, defendant and prosecutrix had sexual intercourse—defendant talking to her continually about being in love with her, considering her his wife, and that there was nothing improper in them so indulging.  Among other things, defendant told her that in the sight of man their actions would be wrong, but that in the sight of God it was all right.  After it was definitely ascertained by them that prosecutrix was pregnant, defendant and prosecutrix ran off and went to California; they left Urich on July 12, 1905.  A number of letters written by defendant to prosecutrix were offered in evidence; they tended strongly to corroborate the testimony of prosecutrix.

The defendant's evidence tended to prove that prior to the offense charged, defendant enjoyed the reputation of being a man of good character.  That most of the advancements at the school were made by prosecutrix, who brought defendant flowers; and that defendant never encouraged her any.  The evidence for the defense further tended to prove that prosecutrix never allowed any other scholar to loan her or his book to defendant, but promptly handed him her book.  The defendant did not testify in his own behalf, but offered certain records, in support of his theory of former jeopardy, which the court refused to admit in evidence.

At the close of the evidence the court fully and fairly presented the law in its instructions upon the facts as herein indicated.  The defendant requested the court to give instructions numbered 1, 2, 3 and 4, which were refused by the court.  Numbers 1 and 2 were in effect a demurrer to the evidence, requesting the court to direct the jury that under all the evidence, the record and indictment in the cause they should acquit the defendant.  Number 3 in substance told the jury that if they found and believed from the evidence that the visits of the defendant to the house of Opal Knaus were

had with the knowledge or consent of her mother, then such knowledge or consent terminated for the time the relationship of pupil and teacher, and they should acquit the defendant. Number 4 was simply a declaration of law that if the several acts of intercourse testified to by prosecutrix were had and committed after school hours and at the house of Opal Knaus's mother, then the jury should acquit the defendant.

The cause was submitted to the jury upon the evidence and instructions and they returned a verdict finding the defendant guilty as charged in the second count of the indictment, and assessed his punishment at two years in the penitentiary. Timely motions for new trial and in arrest of judgment were duly filed and by the court overruled. Sentence and judgment was entered in accordance with the verdict and from this judgment the defendant prosecuted this appeal, and the record is now before us for consideration.

OPINION.

The principal complaints of error by the appellant, as disclosed by the record, may thus be briefly stated:

1st. It is insisted that the court erred in sustaining a demurrer interposed by the State to the plea in bar.

2d. It is claimed that the court erred in the admission of evidence as to the acts of sexual intercourse between the defendant and the prosecutrix after school hours, insisting that the relationship contemplated by the statute of teacher and pupil had been severed by reason of the school having closed for the day.

3d. That the court erred in failing to instruct the jury fully upon all questions arising from the evidence and the record in the case.

4th. That the court erred in refusing instruction numbered 3, requested by the appellant.

This constituted the main errors as indicated in the brief of learned counsel, and we will treat of them in the order as herein indicated.

### I.

Upon the complaint of appellant as to the action of the court in sustaining the demurrer to his plea in bar, we are unable to agree with counsel upon this insistence, and it is sufficient to say upon this proposition that the law applicable to it was settled in the recent case of State v. Laughlin, 180 Mo. 342. We find no good reason for departing from the rules of law applicable to this subject, as announced in that case, and it must be taken as decisive of the proposition presented in the case at bar. There were three counts embraced in the indictment in this case, each of which constituted a separate and distinct offense, and the State having dismissed as to the third count and the jury having returned a verdict of not guilty as to the first count, it was purely a question of law apparent upon the record as to whether or not the acquittal of the defendant of the charge preferred in the first count or the dismissal by the State of the charge in the third count constituted a bar to the prosecution of the defendant for the offense charged in the second count. The action of the court in sustaining the demurrer interposed by the State to the plea in bar was manifestly proper. While it is true it was the same defendant, and the three counts were doubtless embraced in the indictment to meet the phases of the testimony that might follow upon the trial, it is clear that the essential elements necessary to constitute the offenses charged in the three separate counts are by no means alike, and it is manifest that the defendant may have very appropriately been acquitted of the charge preferred either in the first or third counts, and still be guilty under the evidence of the commission of the offense charged in the second count.

It is most earnestly insisted that, as the plea in bar alleged that the same evidence was introduced in the trial wherein the defendant was acquitted of the first count as was introduced upon the trial of the cause for the second count, this presented an issue of fact, which should have been submitted and tried by a jury. The demurrer interposed by the State to the plea in bar necessarily concedes the truth of the allegations in such plea, therefore the allegations in the plea in bar that testimony was heard in the trial of the cause wherein the defendant was acquitted upon the charge preferred in the first count, showing the age of the prosecutrix and that she was a pupil of defendant then a school teacher, and that while such relation of teacher and pupil existed the defendant carnally knew her by having intercourse with her, must be taken as true, but conceding this, it by no means follows that the testimony had anything to do with the establishment of the essential elements of the offense charged in the first count. So far as the offense embraced in the first count is concerned, it was absolutely immaterial whether the defendant was a school teacher and the prosecutrix a pupil of his or whether or not there was the relation of teacher and pupil existing at the time of the unlawful acts of sexual intercourse. The essential ingredients of the offense charged in the first count of the indictment, which was predicated upon section 1838, Revised Statutes 1899, were simply that defendant was over the age of sixteen years and had carnal knowledge of prosecutrix, and that she was an unmarried female between the ages of fourteen and eighteen years of previously chaste character. Hence, it is apparent that there was no issue presented in the trial so far as the offense charged in the first count was concerned, as to the relation existing between the defendant and prosecutrix, and testimony of that character upon the trial of the offense charged in all three counts, could have no application to the offense charged

in the first count, and doubtless was admitted simply as applicable to the charge preferred in the second count. It is apparent, under the charges preferred in the three counts in the indictment, that, if it appeared in evidence that the prosecutrix was not a female of previously chaste character, the jury would be authorized to acquit the defendant of that charge; or, as to the third count dismissed by the State, it may be made to appear that the prosecutrix was not legally under the control of her mother, or it may be made to appear that the defendant did not take her away for the purpose of concubinage, or he may not have taken her away at all. Under this state of facts he would not be guilty of the offense charged in the third count; but under the charge as is embraced in the second count, if the relation existed between the defendant and the prosecutrix as contemplated by the provisions of section 1845, and while such relation existed he had sexual intercourse with the prosecutrix, then the offense as defined by that section is complete, and the essential elements as indicated, which are applicable to the offense charged in the first and third count, have no application whatever to the offense charged in the second count predicated upon section 1845. In our opinion the question presented by the plea in bar was purely and exclusively one of law, which was apparent upon the face of the record, and we repeat that the action of the court in sustaining the demurrer was manifestly proper.

## II.

It is next insisted that the acts of sexual intercourse as developed at the trial of this cause, occurred subsequently to the closing of school for the day; that under that state of facts there was no such relation existing between the defendant and prosecutrix as is contemplated by the provisions of section 1845, and therefore the defendant was not guilty of the offense embraced in that section.

This identical question was in judgment before this court in the recent case of State v. Hesterly, 182 Mo. 16. The question was fully and ably presented by learned counsel; the opinion followed, prepared by the writer of the opinion in the case at bar, in which my colleagues, Judges BURGESS and GANTT, both concurred. After due and appropriate consultation and reviewing the rules of law announced in the Hesterly case, we are unwilling to depart from the ruling in that case, and find no valid or legal reason for so doing, and the law as there stated must be taken as decisive of the question presented in the case at bar. After fully considering the provisions of the statute creating the offense with which defendant is charged, and the purpose of the law-makers in throwing around girl pupils of tender age, who might, by reason of the position, be susceptible of improper influences, such safeguards as would prevent the abuse of the confidential relation which should exist between teacher and pupil, we simply repeat what was said in the Hesterly case, that: "We are unwilling to sanction the contention of appellant which undertakes to limit the provisions of the statute to such a narrow field. In other words, we are unwilling to say that a teacher, who has in his charge girl pupils of tender age, so long as they are in the school room or on their way home from school, are under his care and protection; but so soon as they reach the parental roof, his care and duty of protection of them is shaken off, and he is no longer subject to the penalties of the statute for defiling them. The confidential relation of teacher and pupil exists as well after the child reaches home, as it does in the school room; it exists on Sunday, as well as on a school day. The evil intended to be prevented is the abuse of the confidential relation, and that exists wherever they may be and on all occasions, as long as the relation of teacher and pupil are in existence."

III.

Appellant complains that the court failed to fully declare the law upon all questions arising upon the evidence and the record in the cause. It is clearly indicated in the brief of learned counsel for appellant that this complaint is directed at the failure of the court to instruct the jury upon certain letters written by the defendant, which tended to show admissions on his part. In other words, the complaint is that the court failed to give the jury the ordinary and usual instruction upon the admissions or statements made by the defendant. We are unable to see how this failure in any way prejudiced the rights of the defendant or in any way endangered a fair and impartial trial. This instruction usually tells the jury that what the defendant said against himself should be taken as true, but what he said in his own behalf could be believed or not as the jury thought the same to be true or false. If anyone has a right to complain at the failure of the court to give this instruction, we are of the impression that it is the State and not the defendant. This failure, in our opinion, did not constitute any reversible error.

IV.

It is earnestly contended by appellant that the court erred in refusing to give the jury instruction numbered 3 as requested by defendant. This instruction in substance told the jury that if they found and believed from the evidence that the visits of the defendant to the house of Opal Knaus were had with the knowledge or consent of her mother, then such knowledge or consent terminated for the time the relationship of pupil and teacher, and they should acquit the defendant.

It is sufficient to say upon this proposition that the action of the court in refusing to give such instruction was manifestly proper. In the first place, there was no

evidence upon which to predicate it; as the testimony in the cause plainly shows that defendant's visits at the times when the acts of sexual intercourse were had, were made at night, when the mother was asleep, and others were made at nights when the mother was away from home, sitting up with the sick, and that other visits were made out in the yard, whither prosecutrix had gone, pretending to her mother that she had another excuse for going out. In the second place, the instruction does not properly declare the law. It was not within the power of the mother to consent to a violation of the law by defendant, and in our opinion, even if the mother had knowledge that defendant was having sexual intercourse with prosecutrix, it would in no way lessen the guilt of the defendant of the offense charged.

## V.

Appellant contends that the remarks of the prosecuting attorney and his assistant, Judge Lindsay, in their arguments to the jury were of such a character as would warrant the reversal of this judgment. We have read with care and consideration the remarks objected to by counsel for appellant, and while we do not wish to be understood as approving that line of argument, yet we are of the opinion that they are insufficient to authorize the reversal of this judgment. The court very plainly stated to counsel in the presence of the jury that the remarks were out of the record, and that his remarks were improper, and that in our judgment, so far as the remarks made in this cause were concerned, was sufficient to prevent the arousing of any prejudice in the minds of the jury by reason of such remarks. However, we will say now that it would have been much better if the trial court had more decisively insisted that counsel for the State should keep within the record, and enforce such power by appropriate method as was in the power of the court to do.

We have carefully considered in detail the disclo-

sures of the entire record before us. The testimony introduced shows beyond question such a state of facts as fully warranted the jury in finding the defendant guilty. The court fully and fairly presented the law as applicable to the facts developed in this cause in substantial conformity to the announcement of the rules in the Hesterly case. The verdict of the jury in this case was clearly right, and to have found otherwise, under the facts developed in the cause, in our opinion, would have been a serious blow to the proper administration of justice by the courts of this State.

We have indicated our views upon the principal legal propositions disclosed by the record, which results in the conclusion, finding no reversible error, that the judgment of the trial court should be affirmed, and it is so ordered.

All concur.