## STATE OF MISSOURI, Respondent, v. B. J. TATMAN, Appellant.

### Kansas City Court of Appeals, November 21, 1910.

1. **INTOXICATING LIQUORS: Sales: Former Jeopardy.** In a prosecution for selling intoxicating liquors on a certain day the state may show a sale on any other day within the period of limitation for such offense, but if the state offers evidence of several sales and they are submitted to the jury and there is either an acquittal or a conviction, none of these can be made the subject of another prosecution.

2. ———: ———: ———: **Autrefois Acquit.** In the trial of a defendant charged with selling intoxicating liquors it was shown by the prosecuting witness that he, as the only witness for the state, had testified against defendant before a justice of the peace as to two sales made at different times on the same day, and defendant was acquitted. It was held that defendant could not be prosecuted in the circuit court for either of such sales.

3. ———: ———: ———: **Witness: Evidence.** The positive and affirmative testimony of one witness for the state cannot be overcome by the testimony of another state witness who fails to remember.

Appeal from Putnam Circuit Court.—*Hon. Geo. W. Wanamaker,* Judge.

*W. A. Franklin* for appellant.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for respondent.

ELLISON, J.—The defendant was charged with a violation of the Local Option Law in Putnam county, in selling intoxicating liquors in that county. He was convicted and appealed to the Supreme Court, the appeal being taken to that court on the ground that it involved a constitutional question; that court thought not, and transferred the case to this court. [128 S. W. Rep. 738.]

The information upon which defendant was convicted was filed in the circuit court at the August, 1909, term. It was founded upon the affidavit of one Dock Valentine and charged defendant with having sold intoxicating liquors "or on about the —— day of June, 1909." Defendant filed a plea of *"autrefois acquit,"* and on that plea the case will be determined here.

The record discloses that the only sales made by defendant were two bottles of bitters and these sales were made on the 23d of June, 1909, not more than one hour apart. That on the next day an information was filed against defendant on Valentine's affidavit, before a justice of the peace, in the exact language of the present information, except that in charging the day of sale, the date "23d," day of June is stated, whereas in the present one, as shown above, the day in June is left blank. That case was tried before the justice in July and the defendant was acquitted. Then in August the present information was filed in the circuit court and the defendant convicted as already stated.

In a prosecution for a sale of intoxicating liquors, notwithstanding the state alleges a sale on a specific day, it may introduce evidence of a sale on any day within a year prior to filing the information. [State v. Fellers, 140 Mo. App. 723.] But if the state offers evidence of several sales and they are submitted to the jury, and there is an acquittal, none of these can be made the subject of another prosecution, because the defendant has been found not guilty on all and he cannot be put in jeopardy more than once for the same offense. If, in such case, he is convicted, the conviction stands for all the sales upon which he was tried, and again he cannot be afterwards prosecuted for either of such sales, as he cannot be made to suffer twice for the same offense. [State v. Stephens, 70 Mo. App. 554.]

So this case turns on a question of fact. Was defendant tried and acquitted before the justice of the charge as to both sales? On that issue evidence was heard and the question submitted to the jury under instructions and the finding was in the negative. Defendant contends that such finding is not supported by any substantial testimony. We think the record upholds his contention. Valentine, the prosecuting witness, testified positively that he was examined before the justice as to both sales and that he told of both sales, one sale being of liquor or bitters, in a bottle of a certain shape, and the other in a bottle of different shape. The only contradiction attempted to be made of this was the testimony of the justice who tried the first case. We cannot set it out at length. It will suffice to say that it should not have been considered as being contrary to that of the prosecuting witness, for the reason that the justice did not remember and could not say whether both sales had been given in evidence. His testimony, including cross-examination, was so indefinite and was so qualified by lack of recollection, that it lost all probative force, and should not have been permitted to outweigh that of the prosecuting witness, upon the recollection and veracity of whom the state relied for conviction. The judgment is reversed. All concur.