## THE STATE v. ROBERT HURLEY, Appellant.

### Division Two, May 9, 1912.

1. **INDICTMENT: No Date of Offense: Rape.** An indictment charging statutory rape on a girl under the age of fourteen years, is not defective because it does not fix a date for the commission of the offense. The time is not material. There is no limitation to the prosecution, and if there were error in this regard it is cured after verdict by the provisions of section 5115, Revised Statutes 1909.

2. **ELECTION: Several Acts of Sexual Intercourse: After Opening Statement.** An assignment that the prosecuting attorney should have been compelled immediately after his opening statement, to elect upon which act of sexual intercourse with prosecutrix the State would go to the jury, since that statement revealed that he knew of and expected to prove several separate and distinct acts, will not be considered on appeal unless said statement is preserved in the record.

3. ————: ————: *At Close of Prosecutrix's Testimony.* It will not be held that it was error on the part of the trial court to refuse, at the close of the testimony of prosecutrix when she was first on the stand, to compel the prosecuting attorney to elect upon which of several acts of sexual intercourse with the little girl the State would go to the jury, where an election was later directed and made, and thereafter the State recalled prosecutrix and she testified concerning the act upon which the State had elected to stand, and ample opportunity was given defendant to cross-examine her; especially should this be the ruling where the prosecutrix, when first upon the stand, did not undertake to detail the various acts of intercourse.

4. ————: ————: **Prior Testimony of Other Acts Subsequent to Elected Act: Identity.** The prosecuting attorney, in a rape case, cannot be required to elect upon which of distinct acts of sexual intercourse the State will stand until he can do so intelligently, and usually the proper time is at the close of the State's case; and the admission of testimony of acts committed subsequently to the one the State elects to stand upon, admitted prior to an election timely made, is not error. Then the only thing the trial court can do is to withdraw the testimony of the subsequent acts from the jury, but it is not held that such withdrawal is necessary. Besides, the competency of the testimony as to the subsequent acts as tending to establish the identity of the defendant, while discussed, is not decided, since not squarely raised.

5. **VERDICT: Passion and Prejudice: Seven Years for Rape.** It cannot be said that a verdict assessing defendant's punishment at seven years' imprisonment, where the minimum is five, in a case, of the most flagitious character, or carnal knowledge with a child under the age of fourteen years, is the result of passion and prejudice.

Appeal from Wright Circuit Court.—*Hon. C. H. Skinker,* Judge.

AFFIRMED.

*Jackson, Evans & Green* for appellant.

(1) The indictment is defective for the reason that it fails to specify any certain and specific date when any crime was committed. Each act of intercourse, with an unmarried female under the age of fourteen years, being a separate and distinct offense, the defendant should be apprised, from the pleadings in the indictment lodged against him, of the specific date the crime was committed for which he is called upon to defend against. State v. Dalton, 106 Mo. 463; State v. Miller, 111 Mo. 545; State v. McGinnis, 126 Mo. 564; State v. Ferguson, 221 Mo. 524, and do not affirmatively hold this to be necessary, but do so by implication. State v. West, 21 Mo. App. 311; State v. Bach, 25 Mo. App. 556; State v. Hughes, 82 Mo. 86, and affirmatively hold this doctrine to be true. (2) It was made known to the court by the opening statement of the prosecuting attorney to the jury that the State would show the commission of several separate and distinct offenses similar to the one charged in the indictment and the court erred in not requiring the State at that time to elect upon which act of intercourse the State would rely for conviction. State v. Palmberg, 199 Mo. 233; People v. Williams, 133 Cal. 168; People v. Flaherty, 166 N. Y. 532. (3) The court erred in not requiring the State to elect upon which act of intercourse it would rely for a conviction after the testi-

mony of the prosecutrix had been offered. (4) All
acts of intercourse subsequent to the one relied upon
for a conviction were inadmissible and prejudicial to
the defendant in influencing the minds of the jury.
Smith v. State, 73 S. W. (Tex.) 401; State v. Palm-
berg, 199 Mo. 233. An instruction to the jury to disre-
gard evidence erroneosuly admitted will not cure the
error if said evidence is prejudicial to the defendant.
State v. Mix, 15 Mo. 153; State v. Frederick, 85 Mo.
145; State v. Kuehner, 93 Mo. 193; State v. Thomas,
99 Mo. 235; State v. Martin, 229 Mo. 620.

*Elliott W. Major,* Attorney-General, and *John M.
Atkinson,* Assistant Attorney-General, for the State.

(1) The indictment charges the alleged crime to
have been committed ''on or about the —— day of
September, A. D. 1907.'' The indictment follows the
approved form as set out in the case of State v. Pra-
ther, 136 Mo. 20, except that no specific day in Septem-
ber is named. Sherwood's Crim. Law, p. 91. There
is no Statute of Limitations against this prosecution
for the crime charged in the indictment. Secs. 4471 and
4944, R. S. 1909. Appellant failed to file a motion to
quash the indictment or to require the prosecuting at-
torney to state what day of September the crime was
charged to have been committed. In no way was the at-
tention of the trial court called to this alleged assign-
ment of error. The proof clearly shows that the crime
for which appellant was convicted was committed in
the spring or summer of 1906, and this date is long
prior to the month of September, 1907, as charged in the
indictment. Furthermore, time is not of essence of the
offense charged, and any failure to charge the alleged
offense to have been committed on any specific day is
cured, after verdict, by the Statute of Jeofails, sec.
5115, R. S. 1909. State v. Hughes, 82 Mo. 86; State v.
Findley, 77 Mo. 338. (2) It is next contended by ap-

pellant that the court erred at the time the prosecuting attorney was making his opening statement by not requiring the State at that time to elect which act of intercourse the State would rely upon for a conviction. The record in this cause does not contain any part of the alleged opening statement of the prosecuting attorney, hence this assignment of error cannot now be reviewed. The State had a perfect right to prove prior acts of intercourse as tending to prove the particular act upon which the conviction was sought. State v. Palmberg, 199 Mo. 233. (3) Subsequent acts may be shown in evidence on the ground that they are admissible to corroborate the specific act charged. 4 Elliott on Ev., sec. 3105; Woodruff v. State, 101 N. W. (Neb) 1114; State v. King, 117 Ia. 768; People v. Edwards, 73 Pac. (Cal.) 416; State v. Borchert, 68 Kan. 360; Smith v. Comm., 22 Ky. L. R. 1349; State v. Robertson, 121 N. C. 551; Sykes v. State, 82 S. W. (Tenn.) 185; State v. Fetterly, 33 Wash. 599; Lanphere v. State, 114 Wis. 193.

FERRISS, P. J.—Conviction for statutory rape, committed on the prosecutrix, Bertie Breedlove, under the age of fourteen years, in 1906. The indictment was returned in August, 1909, and trial had at the September term of the Wright Circuit Court, in 1910. Punishment was assessed at seven years in the penitentiary.

The evidence for the State shows that the prosecutrix was born in January, 1894. A few years later the defendant made his home in the house of her parents, coming there as a hired hand. He was treated as a member of the family, and trusted by the parents of the prosecutrix so fully that they frequently left him in charge of the children. The prosecutrix was called to the stand, and told her story. She testified that before she was eleven years of age the defendant was in the habit of holding her on his lap and taking liberties with her person. As she puts it, "He taught it to me that

way.'' She further testified that the defendant had intercourse with her when she was eleven years old; that then, and for some time thereafter, she did not know it was wrong; that this relation continued at various intervals until the last act of intercourse, which occurred July 25, 1908, at which time she became pregnant, and gave birth to a child the following April. The prosecutrix, in this testimony, does not undertake to give the details as to the exact time and place of any particular act of intercourse, except that she fixes the date of the last act as above stated. She also testified that she told no one of the situation until after the birth of the child, when for the first time she stated that the defendant was the guilty party. It appears in evidence that about a week after the birth of this child, and after the prosecutrix had mentioned the defendant, he left the country for parts unknown. The indictment was returned against him, as above stated, and he was subsequently arrested in Oklahoma in 1910, and brought back to Wright county for trial.

Defendant denied all acts of intercourse testified to by the prosecutrix, and testified further that he fled the country because his father and others had advised him to do so, stating to him that, although he was innocent, yet ''if she swore the child onto me it would be just the same as if I had had something to do with her.''

Before any evidence was taken, counsel for the defendant moved the court to require the State to elect upon which act of intercourse it would go to the jury; basing this motion on the statement that the prosecuting attorney, in his opening address to the jury, had stated that he would prove several separate and distinct acts of intercourse. The record, however, does not preserve the address of the prosecuting attorney, and we cannot know what statements were made in this regard.

When the prosecuting witness finished her evidence there was no cross-examination by the defendant, but a motion was then made to compel the State to elect, which motion was overruled. Other witnesses were then introduced in behalf of the State, including the girl's parents, but none of this testimony bore upon any particular act of intercourse. After several witnesses had been examined, the court announced that it had decided that the State should be required to elect upon which act it would rely for a conviction, whereupon counsel for defendant made a formal motion that the State be required to elect; and the State did elect to stand upon an act of intercourse in the year 1906, the prosecuting attorney stating that such act occurred in the summer or fall of that year. The prosecutrix was recalled to the stand, and gave evidence in detail as to the time, place and manner of an act of intercourse which she said occurred in the spring of 1906. She was cross-examined at great length by defendant's counsel concerning this alleged act. Her father was recalled to the stand, and gave evidence corroborating the statements of the prosecutrix regarding certain circumstances which she relied upon to fix the time and place.

At the close of the State's case the court orally stated to the jury that they should disregard evidence of all acts subsequent to that last testified to by the prosecutrix as having occurred in 1906, and at the close of the case an instruction to the same effect was given to the jury in writing.

In his motion for new trial the defendant complains that the indictment is defective in that it fails to specify any certain and specific date when any crime was committed; that the court erred in refusing to compel the State to elect at the conclusion of the prosecuting attorney's opening statement; erred in refusing to compel the State to elect at the close of the testimony of the prosecutrix, and erred in admitting testi-

mony on the part of the State of alleged acts of intercourse subsequent to the one upon which the State elected to stand.

I. It is claimed that the indictment is defective because there is no date fixed therein for the commission of the offense. The indictment charges that the act occurred "on or about the —— day of September, 1907." There is no merit in this claim. The time is not material. There is no Statute of Limitations against this prosecution; and if there were any error in this regard it is cured after verdict by the provisions of section 5115, Revised Statutes 1909.

II. Defendant claims that it appeared from the opening statement of the prosecuting attorney that he knew that he expected to prove several separate and distinct acts of intercourse, and that therefore he should have been compelled at that time to elect. This claim is made in reliance upon State v. Palmberg, 199 Mo. 233, which intimates that the election should be made so soon as the State is able to make an election intelligently. This assignment cannot be considered because of the fact that the record does not contain the opening statement referred to.

III. It is next contended that the State should have been compelled to elect at the close of the testimony given by the prosecutrix when she was first upon the stand. In view of the fact, however, that an election was made by the State, and before its testimony was closed, and that thereafter the prosecutrix was recalled to testify concerning the act upon which the State had elected to stand, and ample opportunity was given defendant to cross-examine her thereon, the failure of the court to order an election at the close of her testimony in chief is immaterial, even if the defendant had a right to an election at that time. Especially is this true in view of the further fact that, when first

upon the stand, the prosecutrix did not undertake to testify in detail as to the various acts of intercourse.

IV. The main insistence of the defendant is that error was committed in permitting any testimony to go to the jury of acts which occurred subsequent to the act in 1906, upon which the State elected to go to the jury; and reliance is placed upon the case of State v. Palmberg, supra. That case, however, holds that there is no hard-and-fast rule as to the time when the State shall elect, and that each case must be determined upon its merits. It holds in effect that the prosecuting attorney cannot be required to make an election until he can do so intelligently, and that ordinarily the proper time is at the close of the State's case. We think the court committed no error in its ruling on this question, and that in this case the election properly was made after the testimony of the prosecutrix was taken. That being true, the testimony now objected to had been given before the election was made, and properly so. After the election the court could do nothing more than it did do; that is, seek to withdraw this testimony of subsequent acts from the jury. Whether such withdrawal was necessary we need not now decide. Whether necessary or not, it was all that could be done. It is obvious that it is impossible to state what acts are prior and what acts are subsequent until after the election is made, and it must follow that if an election is not required until all of the acts have been testified to it is then too late to object to the admission of evidence of subsequent acts. It may be, as defendant claims, that the attempt to withdraw such testimony from the jury accomplishes very little so far as preventing its consideration by them; but we are not very kindly disposed toward a claim that a case should be reversed, not because the State has proved too little, but because it has proved too much.

This is a case of the most flagrant character. The

defendant took advantage of the confidence reposed in him by the parents of this child to debauch her while she was still too young to understand the moral nature of the act. He kept up the relation of intimacy until pregnancy occurred, and after the birth of the child fled the country to avoid prosecution. He admits that he fled to avoid prosecution, although he claims at the same time that he is innocent. It is apparent from the testimony that the defendant designed to continue the illicit relation which he had established with this child, and did so by a long series of acts, each one criminal in character. He denies his identity. The girl testifies that the same man who had intercourse with her when she was eleven years old was the father of her child, born in 1909. We are not prepared to say, under the rule laid down by us in the case of State v. Hyde, 234 Mo. 200, concerning the admission of evidence of other offenses, that the evidence of all these acts testified to by the prosecutrix was not competent as bearing upon the questions of design and identity, but, as stated above, we do not regard that question as being squarely raised by this record, and therefore do not decide it.

VI. The minimum punishment provided by statute for this offense is five years. Notwithstanding the flagitious character of the offense the jury gave the defendant only seven years. We think this fact demonstrates that the verdict was not the result of passion and prejudice, and that therefore in no event was the defendant injured by the admission of the testimony complained of.

We find no reversible error in the record, and the judgment therefore is affirmed. *Kennish* and *Brown,* *JJ.,* concur.