STATE of Missouri, Respondent,

v.

Ralph WOOLSEY, Appellant.

No. 47130.

Supreme Court of Missouri,

Division No. 1.

June 8, 1959.

Breuer, Northern & Crow, Rolla, for appellant.

John M. Dalton, Atty. Gen., Richard W. Dahms, Sp. Asst. Atty. Gen., for respondent.

HYDE, Presiding Judge.

Defendant has appealed from conviction and sentence of burglary in the second degree and larceny committed in committing the burglary. He was sentenced to imprisonment in the penitentiary for a term of two years for each offense or a total of four years in accordance with the verdict of the jury.

It is not contended that the State failed to make a jury case so it is unnecessary to make a detailed statement of the facts. It was shown that, on August 6, 1957, when the door and windows of the Camp Creek Full Gospel Church in Phelps County were securely locked, entry was made by tearing a screen and breaking a window with a stone. A pedestal fan and a vacuum sweeper, of the total value of $85 to $100 were taken by three men who went there in old (1949 or 1950) model Chevrolet. There was evidence that defendant was one of the men in the automobile; and defendant later sold the fan in Rolla.

Defendant contends the information failed to charge him with the crime of stealing under Sec. 560.156 which is authorized to be included with burglary in one count under Sec. 560.110 (RSMo 1957 Supplement), V.A.M.S. This same contention was made and disallowed in State v. Zammar, Mo.Sup., 305 S.W.2d 441, 445, in which we said: " 'The real purpose of the statute was to eliminate technical distinctions between the offenses of larceny, embezzlement and obtaining money under false pretenses.' * * * A taking without right or leave

and with an intent to keep, wrongfully, is obviously a taking without the consent of the owner, so that an attack on the sufficiency of the indictment for failure to use the precise words of the statute in this regard (and raised for the first time after verdict) should be, and it is disallowed." The allegations of the information herein are substantially the same but more complete than those in the information in the Zammar case. As noted therein, the former separate crime of larceny is now included in the crime of stealing. Defendant admits the Zammar case is controlling on the sufficiency of the information but says it is not applicable here because a second information, filed subsequently or simultaneously, charging the defendant with the offense of stealing, suspended that part of the information filed in this cause charging the defendant with larceny committed in committing burglary. However, this contention cannot be considered because no such information or any other information than the one on which the case was tried is shown by the record. Even if there was such another information, it would be considered as suspended under Supreme Court Rule 24.14, 42 V.A.M.S., since defendant says it had a lower number than the one on which the case was tried, because "the court was justified in treating the information bearing the largest serial number as a second information, under the provisions of the statute, and to proceed accordingly." State v. Menz, 341 Mo. 74, 106 S.W.2d 440, 447. The statute referred to in the Menz case has been superseded by Supreme Court Rule 24.14.

■ Defendant makes the further contention that "the court erred in instructing the jury that they could find the defendant guilty of larceny when at the time of the offense and at the time of the trial the new statutory crime of stealing had been substituted therefor and the crime of larceny abolished." Neither this statement made as a point in defendant's brief, nor the same ground stated in similar language in his motion for new trial, designated any spe-

cific instruction claimed to be erroneous. However, an even more fatal defect, preventing the consideration of this point, is the fact that the record shows no objection to the giving of any instructions. State v. Rush, Mo., 286 S.W.2d 767, 772, and State v. Lawson, Mo., 290 S.W.2d 84, 86. Therefore, there is nothing preserved for appellate review concerning instructions given herein.

■ We have examined the record and find no error respecting the sufficiency of the information, verdict, judgment and sentence. Although the record does not show arraignment or plea, defendant was tried as if he had been arraigned and entered a plea of not guilty, which is sufficient under Supreme Court Rule 25.04.

The judgment is affirmed.

All concur.