STATE of Missouri, Respondent,

v.

Milton BOWLES, Appellant.

No. 48884.

Supreme Court of Missouri,

Division No. 2.

Oct. 8, 1962.

Blackford, Imes, Compton & Brown, J. William Blackford, Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., Frank P. Motherway, Special Asst. Atty. Gen., Jefferson City, for respondent.

BOHLING, Commissioner.

Milton Bowles was convicted of molesting Brenda Sue Bowles, his daughter and a minor under the age of 16 years, on or about December 1, 1959, in Clay County, Missouri, as that offense is defined by § 563.160. (Statutory references are to RSMo 1959, V.A.M.S.) His punishment was assessed at two years' imprisonment in accordance with the verdict of the jury. He has appealed and contends his defense of double jeopardy on the ground of autrefois acquit should have been sustained; that the testimony of the prosecuting witness was so contradictory as to be valueless; and in the submission of the case to the jury he was deprived of his defense of an alibi under the instructions of the court.

■ The molestation charge was filed June 10, 1960, and the judgment was entered April 4, 1961. On April 13, 1960, defendant was found not guilty by a jury of having carnally known prosecutrix, a female child under the age of 16 years, on or about January 15, 1960, in Clay County, Missouri. (See § 559.260.) In each trial testimony of the other offense went in without objection. Defendant timely filed a plea in bar against being put a second time in jeopardy for the same offense based upon his acquittal of said charge of carnally knowing prosecutrix. He invokes constitutional and statutory provisions that no person shall "be put again in jeopardy of life or liberty for the same offense, after being once acquitted by a jury." Mo.Const.1945, Art. I, § 19, V.A.M.S.; § 556.260. The prohibition is against a second jeopardy for the "same offense." The test is the identity of the "offenses," offenses identical in law and in fact. Criminal Law, 22 C.J.S. § 278(1), p. 715, nn. 36, 40, 40.5; State v. Toombs, 326 Mo. 981, 34 S.W.2d 61, 64[3].

We have said Missouri does not apply the "same transaction rule" for determining double jeopardy, but follows the "separate or several offense rule," and we have held that an offender is not to be exonerated "because his desires or passions persuade or impel him to commit two or more offenses during a transaction or occasion." State v. Moore, 326 Mo. 1199, 33 S.W.2d 905, 907[4]. See also State v. Chernick, Mo., 278 S.W.2d

741, 746[3]; State v. Brooks, Mo.App., 298 S.W.2d 511, 513[1–3].

■ An accused person cannot be brought into court to answer a charge for the commission of one offense and be convicted of an entirely different offense. Mo. Const.1945, Art. I, § 18(a); State v. Burgess, 268 Mo. 407, 188 S.W. 135, 138[7, 8]; State v. Temple, Mo.App., 262 S.W.2d 304 [3].

Defendant stresses State v. Toombs, supra, 34 S.W.2d 61, 62, 64[3] et seq. Toombs, president of the International Life Insurance Company, having agreed with Great Southern Insurance Company to substitute 9,000 shares of International stock for collateral theretofore pledged to secure his $500,000 note, procured the signing and issuance to himself of three false certificates of International stock, each for 3,000 shares. (See § 561.610.) Said three certificates were issued to defendant at one time and pursuant to his single direction or request, his purpose, known to all parties concerned, being to pledge said 9,000 shares as security for said $500,000 note. We held that a conviction for the signing and issuance of one of said false certificates barred a subsequent prosecution for the signing and issuance of another of said certificates on the ground that a single offense involving but one transaction at one time, one request or direction and a single intent could not be split up and prosecuted in parts, and that a prosecution for any part of the offense barred subsequent prosecutions for any other part or the remainder of said offense. Other cases stressed by defendant are distinguishable on similar grounds so far as they tend to support his contention. State v. Tatman, 151 Mo.App. 426, 132 S.W. 42; State v. Gant, Mo., 33 S.W.2d 970[2, 3]; State v. Woolsey, Mo., 324 S.W.2d 753[1] (see § 560.110).

This plea in bar is most frequently interposed when two or more crimes are committed in the same transaction or occurrence. See, particularly, State v. Oakes, 202 Mo. 86, 100(I), 100 S.W. 434, 436(1),

119 Am.St.Rep. 792; and also State v. Salter, Mo.App., 256 S.W. 1070[4]; State v. Richardson, Mo., 343 S.W.2d 51, 55[11]; State v. Gant, supra loc. cit. 972[7] (cited by defendant); Annotation, L.R.A.1915A, 256.

■ Where distinct offenses of the same nature are committed at different times or places, a prosecution for one does not bar a prosecution for the other. State v. Burgess, supra, 188 S.W. 135[10], 139; State v. Florian, 355 Mo. 1169, 200 S.W.2d 64, 68[13]; State v. Hamlin, Mo., 171 S.W.2d 714[2]; 22 C.J.S. Criminal Law § 278(1), p. 719, n. 46; Annotation, L.R.A.1917D, 731.

■ The charge against defendant of molesting a minor under § 563.160 on or about December 1, 1959, and the charge against him of carnally knowing said minor on or about January 15, 1960, under § 559.-260, involved different acts at different times and different intentions or volitions. In this instance the two offenses differ and require proof of different essential elements. The trial court correctly ruled they were not the "same offense."

■ Defendant contends the court erred in overruling his motion for a directed verdict of acquittal at the close of all the evidence for the reason the testimony of prosecutrix was not clear and convincing, was not corroborated and was so contradictory as to render it valueless. In ruling this issue the probative evidence favorable to the State is taken as true, as are all reasonable inferences to be deduced therefrom, and all evidence and inferences contrary thereto are disregarded. An accused by putting on evidence takes the chance of aiding the State's case. State v. Truster, Mo., 334 S.W.2d 104, 107[2, 3].

■ Prosecutrix was 11 years old at the time involved and 12 at the time of trial. Her testimony may not have been as clear and convincing as desired, but it had probative value and there was corroborating evidence. It discloses that her memory was not the best. She testified that defendant

molested her several times during the month of December, 1959, as well as at other times prior thereto; and that defendant played with her private parts on December 1st. On cross-examination, it appears that the molestation prosecutrix best remembered occurred after Christmas, during the Christmas vacation, in December, 1959. On February 2, 1960, defendant gave a signed written statement, the material portions of which were read to the jury. Without quoting or detailing it, defendant admitted, describing his actions in sufficient detail, molesting prosecutrix "about two months ago," which would be about December 1, 1959. In addition, defendant testified in his own behalf; but testimony adduced by the State contradicted his testimony and strengthened the State's case, and the jury could find, if it believed the State's evidence, that defendant's confession was true and his attempted explanation of it was false. The case was for the jury.

◼ Defendant contends the court erred in giving the italicized portion of the State's verdict-directing instruction that he "on or about the 1st day of December, 1959, *or at any time within three years next before the 10th day of June, 1960*," molested the prosecutrix. The information, filed June 10, 1960, charged that defendant committed the offense on or about the 1st day of December, 1959. At the close of the State's opening statement, wherein it was stated defendant molested prosecutrix on December 1, 1959, and at times prior thereto, and again at the close of the State's case defendant disclosed his defenses embraced an alibi and requested the State elect upon which molestation the State would go to the jury. The State was not required to elect. Defendant thereafter introduced evidence which would support an alibi for December 1st and also for the Christmas vacation, 1959. We held

(citing authority) a like instruction in a similar situation prejudicially erroneous in State v. Chittim, Mo., 261 S.W.2d 79, 80[1], stating: "This instruction nullified appellant's alibi defense which was supported by substantial evidence." The record in the case at bar calls for a like holding. Consult also State v. Miller, 263 Mo. 326, 172 S.W. 385, 388[7]; State v. McKinney, 254 Mo. 688, 163 S.W. 822[2, 3]; State v. Hurley, 242 Mo. 452, 146 S.W. 1154, 1156[3, 4].

The State contends this issue is not available to defendant because the court, at defendant's request, gave instruction No. 6, which also had the claimed error in it. However, the record discloses that the court refused to give defendant's requested instruction F which was to like effect as given instruction No. 6 except that it omitted the error common to the State's verdict-directing instruction and said instruction No. 6. It follows that defendant's defense of an alibi was prejudicially restricted by rulings of the court over defendant's objections. Davis v. Chicago & E. I. Ry. Co., 338 Mo. 1248, 94 S.W.2d 370, 373[7, 8]; Duncan v. Townsend, Mo.App., 325 S.W.2d 67, 70[6].

There is no occasion to prolong this review. The foregoing sufficiently disposes of the issues briefed in so far as they need be ruled for a new trial.

For the error based on the giving of instruction No. 2, the judgment is reversed and the cause is remanded.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All of the Judges concur.