**STATE of Missouri, Respondent,**

**v.**

**Richard Thomas PHILLIPS, Appellant.**

**No. 55380.**

Supreme Court of Missouri,
Division No. 2.

June 12, 1972.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

James B. Harrison, Sullivan, for appellant.

STOCKARD, Commissioner.

Richard Thomas Phillips, charged as an habitual criminal, was found guilty by a jury of burglary in the second degree, and the court assessed the punishment at imprisonment for a term of nine years. He has appealed. We affirm.

There is no challenge to the sufficiency of the evidence. A jury reasonably could find that on July 31, 1968, a double glass door in the basement of the home of Lucian Coleman in Washington County was broken. Appellant and a companion were found in the house by Dennis Coleman, the son of Lucian Coleman, and appellant's companion was carrying a radio which belonged to the Colemans. In appellant's truck which was parked near the house,

Dennis found two other radios which had been removed from the Coleman house. Appellant and two companions then drove away in the truck.

■ Appellant first asserts that he was not given an opportunity to enter a plea to the second amended information.

The transcript shows that a second amended information was filed on the day of trial, but the previous informations are not set out and there is no showing of what the amendment consisted. Appellant does not contend that the second amended information charged an offense different from that charged in the original or first amended informations. He announced ready for trial and proceeded without objection. The transcript does not show an arraignment on the original information or either of the two amended informations.

The failure of the transcript to show formal arraignment and a plea of not guilty does not constitute reversible error. Supreme Court Rule 25.04, V.A.M.R., State v. Miles, Mo., 364 S.W.2d 532. Appellant was tried as though he had entered a plea of not guilty, and he cannot now complain that formal arraignment did not occur. Supreme Court Rule 25.04, V.A.M.R., State v. Woolsey, Mo., 324 S.W.2d 753. We note that appellant could have entered only a plea of guilty or not guilty. Since he was tried as though he had entered a plea of not guilty, the error, if any, could only have resulted in a denial of an opportunity to enter a plea of guilty. The verdict of the jury has made that issue moot. There could be no prejudice.

Appellant next complains that the trial court erred in permitting the State to cross-examine him beyond the scope of the direct examination. Neither in the point in his brief nor in argument does appellant set out the cross-examination as to which he complains.

Our examination of appellant's testimony shows only one objection during cross-examination, which occurred as follows:

Q. Did you drive your truck away from that house?

A. Yes, sir, I did.

Mr. Harrison: [Defense Counsel] I am going to object to that, your Honor, and ask that the question and answer be stricken because it goes beyond the scope of direct examination.

The Court: I'll let the answer stand in this case.

■ Prejudicial error did not result for at least two reasons. First, the objection was not timely because not made until after the answer was given. State v. Taylor, Mo., 408 S.W.2d 8. Second, on direct examination appellant had testified as to the circumstances which caused him to be in the house which was burglarized. He stated that he was drunk and asleep in his truck which was parked in front of the Coleman house, and that he went into the house only for the purpose of getting his companion. He denied that he broke the door, and he stated that because of his drunkenness he did not know what was going on until someone awakened him. On cross-examination it was proper to ask him if he drove the truck away as bearing on the credibility of his testimony concerning the degree of his drunkenness.

■ Appellant next asserts that the punishment "is excessive and not merited by any facts in this case," but he admits that it is within the range authorized by statute. In these circumstances the sentence is not subject to attack as being excessive. State v. Cook, Mo., 440 S.W.2d 461.

Appellant next contends that Instruction No. 5, the verdict directing instruction, was erroneous because it is "confusing and misleading" and is "broader than the amended information."

Appellant argues that while it was charged in the information that he broke and entered the Coleman house, in which there was kept certain household furnishings and personal property belonging to Mr.

and Mrs. Lucian Coleman and Dennis Coleman, "with the intent the said personal property * * * then and there to feloniously and burglariously steal," Instruction No. 5 "does not restrict itself to the property belonging to those three people mentioned in the information but is broadened to include 'any personal property' which may have been in that house." Assuming that the instruction had to be limited to the property of the persons named in the information, the contention is without merit because the instruction was so limited. After hypothesizing a breaking and entering of the Coleman house in which there "were household furnishings and personal property belonging to and in the possession of the said Mr. and Mrs. Lucian Coleman and their son Dennis Coleman," the instruction then hypothesized that appellant had "the intent then and there to take, steal, and carry away, and convert to his own use, and deprive the owner of the use thereof, any of the said household furnishings and personal property kept in the said dwelling house, * * *."

Appellant argues that the instruction was confusing and misleading because at one place it referred to "household furnishings and personal property," and later reference was made to "any of the said household goods and furnishings." This would not have caused the instruction to have been confusing or misleading. However, appellant has misquoted the instruction. The words "household goods and furnishings" do not appear therein. In both places the phrase is "household furnishings and personal property."

■ For his last point appellant asserts as plain error within the meaning of Supreme Court Rule 27.20(c), V.A.M.R., that Instruction No. 5 did not define the degree of burglary charged, and the verdict did not specify the degree of burglary with which appellant was found guilty. The motion for new trial did not pertain to either of these matters. The instruction provided that if the jury found the hypothesized facts, "then you will find the defendant guilty of burglary." The verdict was: "We, the jury, find the defendant guilty of the crime of burglary."

Strictly speaking, both the instruction and the verdict should have referred to second degree burglary. However, the information charged and the evidence established second degree burglary, and there was no contention that any other crime could have been committed. In State v. Archer, Mo., 406 S.W.2d 563, the verdict there referred only to burglary, and the verdict was held to be sufficient to sustain the judgment of conviction of second degree burglary. For the reasons there set forth, we conclude that as to the instruction and the verdict in this case there exists no plain error either justifying or requiring reversal of the judgment in this case.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

MORGAN, P. J., HENLEY and DONNELLY, JJ., and CONLEY, Special Judge, concur.