BEN. POPE ET AL. *v.* THE STATE.

1. GAMING. *Plea of former conviction. Criminal practice.*
   A plea of former conviction to an indictment for gaming which does not aver the identity of the offense charged in the indictment with that for which the former conviction was had is fatally defective. *Rocco* v. *State,* 37 Miss. 357, cited.

2. GAMING. *Conviction therefor. Prior offenses. Section 2857, Code 1880, construed. Criminal practice.*

Section 2857 of the Code of 1880 provides that, " On the trial of all indictments for gaming the district attorney shall not be confined in the proof to a single violation, but under the indictment charging a single offense may give in evidence any one or more offenses of the same character committed anterior to the day laid in the indictment and not barred by the statute of limitations—provided that in such case, after conviction or acquittal on the merits, the accused shall not be again liable to prosecution for any offense of the same character committed anterior to the day laid in such indictment." Under this statute a conviction for the particular offense charged in an indictment does not confer immunity for similar offenses committed prior to the time laid in the indictment, unless evidence thereof was adduced in the trial.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

On the 11th of February, 1885, the grand jury for the second district of Hinds County found an indictment against Ben. Pope and Alf. Kelly, charging that the accused, "on the 28th day of December, A. D. 1884, at the county and district aforesaid, did then and there willfully and unlawfully play and bet at certain unlawful games of cards and dice, the names of which are to the jurors unknown, for money or other valuable things, contrary to the statute," etc.

At the July term, 1885, of the court, Pope and Kelly filed a plea in the following language: "The said defendants say that the State ought not further to prosecute the said indictment against them, because they say that heretofore, to wit : on the 11th day of February, 1885, at the court of S. G. Griffin, a justice of the peace of Hinds County, State of Mississippi, held in the fourth supervisor's district of said county, they, the said defendants, being then and there arraigned before said justice of the peace on a charge of gaming occurring on, to wit : the —— day of January, 1885, and having heard said charge read as contained in the affidavit before that time made before said justice of the peace, entered in said justice's court their plea of guilty of said offense of gaming. Whereupon said justice of the peace, having jurisdiction of said offense of gaming, upon said plea of guilty by the defendants, so pleaded, rendered a judgment against them, and imposed

a fine of two dollars and fifty cents and the payment of costs; which said fine and costs so imposed upon them, they, the said defendants, have paid into said court. And the said defendants further say that they, the said Ben. Pope and Alf. Kelly, named in said indictment, and the said Ben. Pope and Alf. Kelly, named in said judgment of record on the docket of said justice of the peace, are the same and not different persons, and the offense of gaming charged in said indictment occurred anterior to the day laid in said affidavit made before said justice of the peace, and anterior to the day upon which occurred the offense of gaming, for which said judgments were so rendered against the defendants. And this the said defendants are ready to verify; wherefore, since they have already been heretofore convicted of the offense of gaming, as aforesaid, they, the said defendants, pray the judgment of the court here that they may be dismissed and discharged from the said premises in the said indictment specified."

To this plea the district attorney demurred on the following grounds: "( 1) Because said plea is insufficient in law; (2) because said plea does not set out the record of the former conviction; (3) because the plea does not aver the identity of the offense charged in the indictment with the offense for which defendants were formerly convicted."

Thereupon the defendants filed an amendment to their plea, stating " that the affidavits were made against them on, to wit, the 21st day of January, 1885, by one William Williams, charging them with gaming on, to wit, the 15th day of January, 1885, that the said affidavit is not in existence," and reciting the substance thereof, and setting forth a copy of the judgments rendered against the defendants by the justice, and referred to in their plea.    After the filing of this amendment the district attorney demurred " to the plea of former conviction on the grounds, (1) that said plea is insufficient in law; and (2) that said plea sets out no record of the former conviction."

The court made an order sustaining " said demurrer," and giving the defendants leave " to plead further specially." They declined to present any further special plea, but went to trial on a

plea of " not guilty." The jury found a verdict against them, and from the judgment thereupon they appealed to this court.

*C. S. North,* for the appellants.

The decision of this case involves a construction of § 2857 of the Revised Code of 1880. This section in effect provides that in a case of gaming, a conviction or acquittal on the merits shall be a bar to any other prosecution for an offense of the same character committed anterior to the day laid in the proceedings upon which the conviction or acquittal was had.

That a justice of the peace has concurrent jurisdiction with the circuit court of his county in a case of gaming occurring within his district cannot be disputed. Code 1880, § 2216.

This being the case, the judgment of the justice of the peace set forth in the defendants' plea of former conviction bears the same relation to them, and is as fully protective as if it had been a judgment of the circuit court.

It follows, then, that the defendants could not be prosecuted for any offense of gaming committed anterior to the day, laid in the affidavit before the justice of the peace.

An affidavit before a justice of the peace, charging a misdemeanor, is analogous to an indictment in the circuit court. Each in the respective courts is fundamental, and there is no other basis for a prosecution.

The affidavit upon which the conviction of appellants was had before the justice of the peace laid the day of the offense of gaming to be the 15th day of January, 1885. The affidavit was made on the 21st day of January, 1885, and the judgment was rendered on the 11th day of February, 1885, imposing upon defendants the fine and costs.

Appellants, by the provision of § 2857 of the Code of 1880, were not liable to prosecution for any offense of gaming committed anterior to the 15th day of January, 1885, the day laid in the affidavit.

*T. S. Ford,* Attorney General, for the State.

1. The demurrer to the special pleas of defendants were properly sustained. It is manifest from the language of § 2857 that the

legislature did not intend to make a conviction for gaming by a justice of the peace a bar to all prosecutions for every offense of that character committed by the defendant anterior to the time laid in the affidavit and not barred by the statute of limitations. The conviction or acquittal on the merits, which shall operate as a sort of judicial pardon for all previous violations of the same character of the laws against gaming, is a prosecution beginning by indictment and conducted by a district attorney.

2. Considering the spirit of the acts against gaming and betting brought forward and embodied in the code, it seems that it would be a fair interpretation of § 2857 to construe it as not laying down a general rule of practice to be followed in all cases of this character tried in the circuit court, but as giving the district attorney the right to elect whether he shall confine himself, as in ordinary cases, in the proof to a single act of gaming done at any time within two years before the finding of the indictment, or whether he shall, as the exigencies of the case require, introduce evidence of more than one act committed anterior to the date laid in the indictment. If he adopted the first alternative suggested, a conviction or acquittal would be a bar to another prosecution for the same offense, but for none other ; if he chose to adopt the latter and introduced proof of more than one offense " of 'the same character committed anterior to the day laid in the indictment, in such case the accused would not be liable to prosecution for any offense of the same character committed anterior to the day laid in the indictment."

CAMPBELL, J., delivered the opinion of the court.

The plea is fatally defective because it does not aver the identity of the offence charged and that for which the former conviction was had. *Rocco* v. *The State,* 37 Miss. 357.

The argument is, that in the prosecution before the justice of the peace evidence might have been given of the offence charged in the indictment to have occurred on a day anterior to that laid in the affidavit, and therefore the conviction by the justice bars this prosecution by virtue of § 2857 of the code. This section author-

izes the giving of evidence on the trial of an indictment for gaming of more than one offence of the same character committed anterior to the day laid in the indictment, and because of this and where this privilege is availed of on a trial, the accused, who is thus subjected to liability to conviction of any offence anterior to the day laid, is shielded from being again held to answer for what he has already been tried for. Having run the gauntlet in the trial for a certain period of time, he is to go free as to this. A conviction for a particular offence of gaming, whether on a plea of guilty or as the result of a trial, does not entitle the convict to immunity for all the time prior to the time laid in the indictment on which the conviction was had.

*Affirmed.*