AUGUST FEHR V. THE STATE.

*No. 953.   Decided April 22nd, 1896.*

*Motion for Rehearing Decided May 13th, 1896.*

1.  **Permitting Place of Business to be Opened on Sunday—Former Acquittal.**

Two indictments were preferred against defendant, one charging the offense to have been committed on the 24th day of February, 1895; the other fixing the date on the 10th day of February, 1895. Defendant was tried in a Justice's Court on the first. and acquitted, and he pleaded this acquittal in bar to a prosecution under the second indictment in the County Court. Held: The burden of proof was upon him to show that the two transactions were the same, in order to establish the truth of the plea.

2.  **Witnesses Whose Names are not Indorsed on the Indictment.**

It is no objection to witnesses offered by the prosecution that their names were not indorsed on the back of the indictment.

3.  **Sunday Law—Constitutionality of Amendments—Title.**

The title to the amendment of the Sunday law reads: "An act to amend Art. 183, of the Penal Code of the State of Texas, approved April 10th, A. D. 1883, Chap. 2, title 7, and to amend said chapter and title by adding thereto Article 186a, providing additional exemptions from the operation of the Sunday law." Held: Constitutional. Any amendment to the above article, germain to the subject, would be covered by this title.   Following, Nichols v. State, 32 Tex. Crim. Rep., 391.

**4. Former Acquittal—Burden of Proof.**

On a plea of former acquittal, the burden is upon the defendant to prove the truth of his plea. The date, as charged in the indictment, does not control.

APPEAL from the County Court of Travis. Tried below before Hon. D. A. McFALL, County Judge.

This appeal is from a conviction for unlawfully and wilfully permitting a business house (a saloon) to be kept open for traffic on Sunday, the punishment being assessed at a fine of $20.

Defendant pleaded former acquittal in addition to his plea of not guilty. ·

No further statement necessary.

*Hewlett, Rosenberg & Rosenberg*, for appellant.—1. The court erred in overruling the appellant's motion to quash the indictment in this cause; for the reason that the only act which seeks to prohibit any merchant, grocer, or dealer in wares or merchandise, or trader in any business whatsoever, his agent or employe, from permitting his place of business to be open for the purpose of traffic on Sunday, and to fix a punishment therefor, is the act of the Twentieth Legislature, page 108, Session Acts. The title of said act being as follows:

"An act to amend Art. 183 of the Penal Code of the State of Texas, and to amend an act entitled 'An act to amend Art. 186 of the Penal Code,' approved April 10, A. D. 1883, Chap. 2, title 7, and to amend said chapter and title by adding thereto Article 186a, providing additional exemptions from the operation of the Sunday law."

Appellant contends that the act of the Twentieth Legislature to amend Art. 183 of the Penal Code and Art. 186, Chap. 2, title 7 of the Penal Code as heretofore amended by an act approved April 10, A. D. 1883, and to amend said chapter and title by adding thereto Article 186a, was only to provide for additional exemptions from the operation of the Sunday law. The word "subject" as used in Sec. 35, Art. 3, Con. of Texas, 1876, is defined to mean that which is to be dominated or controlled by the particular law. 68 Texas, 542.

Therefore the title to said act of the Twentieth Legislature, in expressing that which is to be dominated or controlled by the act, is limited in only providing additional exemptions from the operation of the Sunday law.

The act following such title being the only act which seeks to prohibit any merchant, grocer, or dealer in wares or merchandise, or trader in any business whatsoever, his agent or employe, from permitting his place of business to be open for the purpose of traffic on Sunday, and to fix a punishment therefor. Twentieth Legislature, Session Acts, 108.

We, therefore, contend that the body of the act is broader than that expressed in the title, by not only providing for exemptions, but seeking to make the proprietor, agent or employe who should permit his place of business to be open on Sunday for the purpose of traffic amenable to the

criminal laws of the State, which was not heretofore. Instead of providing only for exemptions, it enlarges the scope of the Sunday law; thereby the title is misleading and does not express the true subject, and the act is void to all except to so much as amends Article 183 by adding thereto additional exemptions, and Article 186 by severing therefrom the exemptions heretofore provided in said Article 186, and with said exemptions so severed from said Article 186 and other exemptions added thereto, which is by said act declared to hereafter be and constitute Article 186a, and which is added to said Chap. 2, Title 7, of said Penal Code. Constitution 1876, Art. 3, Sec. 35; Cooley Con. Lim., 5th Ed., pp. 178, 179, (149, 151); Adams & Wicks v. Water Co., 86 Texas, 487. Elliot v. State, 17 S. E. Rep., 1004; Tadlock v. Eccles, 20 Texas, 792; Albrecht v. State, 8 Tex. Crim. App., 221.

*Mann Trice,* Assistant Attorney-General, for the State.—1. The court properly overruled the defendant's plea of former acquittal, because the indictment upon which the trial was had in the case pleaded in bar, alleged the commission of the offense on the 24th of February, 1895—while the trial in this case was upon an indictment charging the offense on February 10th, 1895. The offense charged is not a continuous one, but each day constitutes a separate offense.

2. The title of the act of April 2nd, 1887 (p. 108) is sufficiently comprehensive to indicate and embrace the subjects there legislated upon. Especially is this so, when the article of the Code sought to be amended is mentioned. The case of Ex parte Segars, 32 Tex. Crim. Rep., 553, seems to be conclusive on this point.

DAVIDSON, JUDGE.—Appellant was convicted for permitting his place of business to be opened for the purpose of traffic on Sunday, he being a saloon man. It appears from the record that two indictments were presented at the same time by the grand jury, charging this offense against the appellant. One indictment alleged that his place of business was opened on the 10th day of August, 1895, and the other indictment alleged that the offense was committed on the 24th day of February, 1895. The indictment charging the offense to have been committed on the 24th day of February, was transferred and set down for trial in the Justice Court of Travis County, presided over by J. A. Stuart. Appellant was tried before said Stuart, and acquitted. When this case was called in the County Court of Travis County (to which the case had been transferred from the District Court) the appellant interposed a plea of former acquittal. The plea was in proper form. The burden is upon the appellant to prove the truth of this plea. The days charged in the indictment do not control. If appellant had been put upon trial for opening his place of business on Sunday, and had been acquitted therefor, without any regard to the days alleged in the indictment, if he had proved the fact of his acquittal, and that it was for the same transaction (the same day), his plea would have been sustained. This he failed to do when he had the witnesses before the court who had testified in the

case in which he had been acquitted. He did not ask these witnesses whether this was the same transaction as that disposed of before the Justice Court. There was no attempt to prove the truth of his plea. He objected, however, to the State introducing two witnesses, because their names were not on the back of the indictment. This objection was not well taken. Appellant contends that the act creating this offense is unconstitutional, because it embraces matter not included in the title; that it is "broader" than the title. We do not agree to this contention. The title of the act is as follows: "An act to amend Art. 183, of the Penal Code of the State of Texas, and to amend an act entitled, 'An act to amend Art. 186 of the Penal Code,' approved April 10, A. D. 1883, Chap. 2, title 7; and to amend said chapter and title, by adding thereto Art. 186a, providing additional exemptions from the operation of the Sunday law." Any amendment to the above article, germane to the subject, would be covered by this title. We do not feel disposed to discuss this question in this case, but refer to Nichols v. State, 32 Tex. Crim. Rep., 391, and authorities cited; Ex parte Segars, 32 Tex. Crim. Rep., 553. We are of the opinion that the testimony supports the verdict. The judgment is affirmed.

*Affirmed.*

---

ON MOTION FOR REHEARING.

DAVIDSON, JUDGE.—The judgment in this case was affirmed, and motion for rehearing is made by appellant, alleging that the court misconceived the record as to "facts proved and admitted to be true." Preliminary to taking up the question involved in the motion, we desire to correct the former opinion in setting out the dates of the two indictments, so as to show that the first indictment charged the offense to have been committed on the 10th day of February, 1895, instead of August 10th, 1895. This was a mistake in setting out the dates, which in no wise affects the question at issue. Recurring to the question at issue in the motion for rehearing, we are of opinion, after an examination of the appellant's motion for rehearing, that we were correct in our conception of the record. That portion of the statement of facts relied upon by the appellant to show the error of the court does not sustain him. It shows that it was admitted that the defendant was tried and acquitted on the indictment, a certified copy of which was attached to the defendant's plea of former acquittal; that this case was tried in the Justice Court of Precinct No. 3 of Travis County, Texas, and on the charge as set out in said indictment. That indictment, as the indictment in this case, charged a violation of the Sunday law. It is further shown by the said statement of facts, "that the County Attorney asked the witnesses, E. P. Hagler and Lock Brush, whether they had seen this defendant's saloon (Silver King), situated on East Sixth street, in the city of Austin, Travis County, Texas, open on any Sunday during the two years prior to the 24th day of February, 1895, for the purpose of traffic." It will

be noticed that this statement as found in the record does not attempt to show that the witnesses testified with reference to the latter matter inquired about. If they answered anything, it is not shown, and we are left to inference as to whether, in the first place, they answered at all, and, in the second place, what that answer was. If they had answered that they had seen him open his saloon some Sunday during the two years prior to the 24th day of February, 1895, still that would not be sufficient, as we understand the rule with reference to proof in cases where jeopardy is pleaded. As stated in the original opinion: "The burden is upon the appellant to prove the truth of his plea. The date as charged in the indictment does not control." It is a matter of proof, and the defendant assumes this in making his plea, and cannot shift this responsibility by simply showing that the question was asked of the witnesses, whether they knew the fact that the defendant's saloon had been opened on some Sunday within the two years previous. The motion for rehearing is overruled.

*Motion Overruled.*

HURT, Presiding Judge, absent.