## DESHAZO *v.* STATE.

### Opinion delivered February 5, 1898.

CRIMINAL LAW—FORMER CONVICTION—Where, on a prosecution for selling liquor without license, there is evidence of two such sales, and the state does not elect on which sale it will ask a verdict, and the jury were not directed to confine their consideration to one of the sales, a conviction therein is a bar to a subsequent prosecution for either of the sales. (Page 39.)

Appeal from Boone Circuit Court.

BRICE B. HUDGINS, Judge.

*E. G. Mitchell* and *Carmichael & Seawel*, for appellant.

In a former trial for an offense similar to the one charged in the indictment, evidence was offered tending to prove the commission of the offense charged in the case at bar. The state did not elect which charge it would rely on, and the jury did not specify for which offense they convicted the defendant. Hence the plea of former conviction.is effectual in a trial under the aforesaid second indictment. 43 Ark. 68; 43 Ark. 372. Any evidence given and not excluded by the court is to be considered by the jury. 9 Ark. 389; 43 Ark. 68. Conflicting instructions were given, and the jury left free to adopt either. This is error. 57 Ark. 208; 55 Ark. 393.

*E. B. Kinsworthy*, attorney general, for appellee.

The burden was on appellant to show that conviction on the former indictment was a bar to the later one. 43 Ark. 372; 48 Ark. 34; 34 Ark. 160. To sustain a plea of former conviction, the evidence of the facts charged in the second indictment must have been such as would have supported a conviction under the first. Clark's Crim. Pro. 396, and cases; 46 Ark. 141; 43 Ark. 68.

BUNN, C. J. This is an indictment for selling liquor without license, to which the defendant pleaded not guilty and former conviction. Defendant shows in his testimony that at

a previous term of the trial court he was tried and convicted on another indictment for a similar offense; that in the progress of the trial on that indictment evidence was adduced of two unlawful sales by him, and that the state made no election of which sale it would prosecute and ask a verdict at that trial, but that, on the contrary, without direction or request, they considered all the evidence in the case; and that it is impossible to say upon what evidence or for which sale defendant was convicted at said first trial; and that the second sale testified to in that trial is the same as he now stands indicted for having made.

If the defendant's plea is sustained by the facts, he should have been acquitted. But, as he was convicted, there must either be a want of evidence to sustain the verdict, or else the jury were improperly instructed.

The first instruction given by the court on its motion reads as follows, to-wit: "Gentlemen of the jury, the defendant is on trial, charged with the crime of selling liquor without license. He pleads not guilty and former conviction. Now, it you find that when the defendant was on trial at a former term of this court, on a similar charge to this one preferred against him, the witness Lewis testified to [another sale] and that said sale was relied on by the state in that case in connection with another sale for a conviction, you will acquit the defendant."

There seems to be some necessary words left out of this instruction, both in the transcript and the abstracts, which we include in brackets. This instruction, in effect, makes the plea of former conviction effectual only in case the state is shown to have relied on the evidence of the second sale—that for which defendant is now being tried—for conviction in the first case. That is not the law, for what the state may have relied on cannot affect the consideration of the jury in the least, unless, before they retired to consider of the verdict, the state had made its election, or the jury in some way were directed to confine their consideration to the other sale—that is, the other than that for which defendant was tried in this case. It being otherwise impossible to know for which sale the jury has made up and rendered its verdict of conviction, the instruction was erroneous. *State* v. *Nunnelly*, 43 Ark. 68

The second instruction given by the court on its own motion, although expressed in a different way, has in it a kindred error, and this error is not cured by the instruction given at the request of the defendant, which is a good instruction.

For this error the judgment is reversed, and the cause remanded for a new trial.