## STATE v. EDWARD HEALY.[1]

March 2, 1917.

Nos. 20,280—(302).

**Criminal law — plea of former acquittal.**

1. Defendant was tried for the crime of carnal knowledge of a female under the age of consent, committed on January 16, 1914, and acquitted. He was subsequently tried and convicted for a like offense committed with the same female on July 16, 1914. *Held* that the acquittal of the offense of January 16 was not a bar to the prosecution for the offense of July 16, and that the court properly disallowed the plea of former acquittal without submitting it to the jury.

**Same.**

2. Where the state is permitted to prove all similar offenses which have taken place within a designated period without electing upon which it will rely, and can convict if the jury find that defendant has committed any one of such offenses, an acquittal is a bar to a second prosecution for any specific offense committed within the designated period.

**Same.**

3. Where the state, although permitted to prove several similar offenses, is required to point out the specific offense for which it seeks a conviction, and the jury is required to acquit unless they find that the defendant had committed that particular offense, an acquittal is not a bar to another prosecution for another like offense.

The grand jury for Sherburne county returned two indictments against defendant, charging him with carnal knowledge of a female child under 14 years of age. When placed on trial in the district court for that

[1]Reported in 161 N. W. 590.

county before Giddings, J., he entered a plea of not guilty and of former acquittal. The plea of former acquittal was disallowed, and defendant was convicted by a jury. Defendant's motion for a new trial and for arrest of judgment was denied. The court, at the request of defendant, certified to the supreme court for decision the following questions:

(1) Whether under the facts and evidence set forth in this certificate, the defendant could be lawfully convicted of carnal knowledge of * * * under the indictment charging the offense to have been committed July 16th, 1914.

(2) Whether defendant's plea of former acquittal should have been disallowed and this defense withdrawn from the jury under the facts stated in this certificate.

(3) Whether defendant's plea of former acquittal should have been sustained or allowed as a matter of law, the facts being undisputed and being as they appear in this certificate.

(4) Was it error to withdraw the plea of former acquittal from the jury upon the facts as set forth therein?

(5) Did the court commit error by refusing to submit the issue of former acquittal to the jury in any form and deciding it as a question of law upon facts set forth herein?

Questions (1) and (2) are answered in the affirmative, and the others in the negative. Reversed.

*Lyndon A. Smith,* Attorney General, *James E. Markham,* Assistant Attorney General, and *George H. Tyler,* County Attorney, for plaintiff.

*Mead & Bryngelson,* for defendant.

TAYLOR, C.

Three indictments were returned against defendant, charging him with carnal knowledge of a female child under the age of consent. The first charged an offense committed on the fifth day of April, 1913; the second, an offense committed on the sixteenth day of January, 1914; and the third, an offense committed on the sixteenth day of July, 1914. He was placed on trial upon the indictment charging an offense committed on the sixteenth day of January, 1914. The trial resulted in an acquittal. At the next term of court the other two indictments were dismissed be-

cause he had not been arraigned thereon at the prior term. At the following term of court, the grand jury returned two other indictments charging defendant with carnal knowledge of the same child. The first charged an offense committed on the fifth day of April, 1913; the other, an offense committed on the sixteenth day of July, 1914. To both indictments he entered a plea of not guilty, and of former acquittal. He was placed on trial upon the indictment charging an offense committed on the sixteenth day of July, 1914. The court disallowed the plea of former acquittal, and defendant was convicted. Thereafter the court certified five questions to this court for decision. They in fact present only two questions: Whether the former acquittal was a bar to this prosecution; and whether that question should have been submitted to the jury, instead of being determined by the court.

The illicit relations between the parties had continued for some two years, according to the testimony of the girl, and during about a year of this time defendant was the village marshal. At the first trial, the prosecution presented evidence tending to prove an act of intercourse on or about January 16, 1914, in the village jail, and then proceeded to show by the girl that other similar acts had taken place with much frequency for a considerable period of time prior thereto. She stated that they had been committed in defendant's own house, in the village jail, in the village engine house, and once in the Methodist church. She was not interrogated concerning any acts which took place subsequent to January 16, 1914, and did not testify as to any such acts, but certain general statements, in reference to the length of time during which the illicit commerce had continued, indicated that it had continued after that date. When the state rested, defendant moved the court to require the state to elect upon which offense it would rely for conviction, and the state elected to rely upon the offense committed on January 16, 1914, the date stated in the indictment. In submitting the case to the jury, the court confined them to the specific offense alleged to have been committed on January 16, and directed them to acquit defendant unless they found that he had committed that particular offense on that date. At the present trial, the prosecution proved the commission of the offense in defendant's own house on July 16, 1914, and then presented substantially the same evidence as to other acts which had been presented at the former

trial. In submitting the case to the jury, the court confined them to the specific offense committed on July 16, 1914, and directed them to acquit defendant unless they found that he had committed that particular offense on that date.

It is perfectly clear that the crime of which defendant was convicted was an entirely separate and distinct offense from that of which he was acquitted. It was another specific act committed at a different time and place, and is not within the rule which applies where a series of acts are necessary to constitute the offense.

Defendant contends that proof of all acts of carnal intercourse which took place before the return of the former indictment and within the time fixed by the statute of limitations, was admissible at his trial upon such former indictment; that the state had the right to elect upon which of such acts it would rely for conviction, and could not be required to make such election until the close of its case in chief; that he was in jeopardy as to all such acts until the state made its election; that he could have been convicted at the trial upon the former indictment for the same act for which he was convicted at the present trial; and that in consequence thereof the former acquittal is a bar to the present prosecution.

His counsel argues with much force and ability that, although he may have committed any number of separate crimes, yet, having been indicted and tried for one of them, he cannot be tried for any other; that, as the state could prove several different offenses at that trial and could elect upon which it would rely for conviction, he cannot again be placed upon trial regardless of the number of separate offenses which he may have committed.

The constitutional provision that "no person for the same offense shall be put twice in jeopardy of punishment," [1] is but declaratory of a common-law right which has existed from time immemorial. The general principles and general rules for determining when a second prosecution infringes this right of the defendant have long been settled.

Blackstone says that the plea of a former acquittal "must be upon a prosecution for the same identical act and crime." Chitty says that the plea "is sufficient if an acquittal of the one would show that the defendant could not have been guilty of the other." In Commonwealth v.

[1] Const. (Minn.) art. 1 § 7.

Roby, 12 Pick. (Mass.) 496, 503, Chief Justice Shaw said: "In considering the identity of the offense, it must appear by the plea, that the offense charged in both cases was the same *in law* and in fact." In United States v. Raudenbush, 8 Pet. 288, 289, 8 L. ed. 948, the defendant was prosecuted for passing a counterfeit ten-dollar bank note, and pleaded that the same note had been put in evidence at his previous trial for passing another counterfeit ten-dollar bank note. Chief Justice Marshall said: "The plea does not show that he had ever been indicted for passing the same counterfeit bill, or that he had ever been put in jeopardy for the same offense."

In State v. Day, 5 Pennewill (Del.) 101, 104, 58 Atl. 946, the court say: "The crime must be the same in fact * * * or must be necessarily included in the former."

In Miller v. State, 33 Ind. App. 509, 514, 71 N. E. 248, the court say: "When the facts necessary to convict on a second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second."

"In Hooper v. State, 30 Tex. App. 412, 414, 17 S. W. 1066, 28 Am. St. 926, the court say: "The proof must be made by showing the identity of the very acts or omissions which constitute the offense, that the acts * * * for which the former acquittal was had are the very acts which constitute the offense on trial."

In State v. Klugherz, 91 Minn. 406, 98 N. W. 99, 1 Ann. Cas. 307, this court said: "A plea of former acquittal is sufficient whenever it shows on its face that the second indictment is based upon the same single criminal act which was the basis of the indictment upon which the defendant was acquitted."

Among other cases of similar purport see State v. Howe, 27 Ore. 138, 44 Pac. 672; Wright v. State, 17 Tex. App. 152; Burton v. United States, 202 U. S. 344, 26 Sup. Ct. 688, 50 L. ed. 1057, 6 Ann. Cas. 362; Wilson v. State, 24 Conn. 57; Spears v. People, 220 Ill. 72, 77 N. E. 112, 4 L.R.A.(N.S.) 402; Commonwealth v. Shoener, 216 Pa. 71, 64 Atl. 890; Roberts v. State, 14 Ga. 8, 58 Am. Dec. 528; State v. Learned, 73 Kan. 328, 85 Pac. 293; State v. Rose, 89 Oh. St. 383, 106 N. E. 50, L.R.A.(N.S.) 1915A, 256; State v. Virgo, 14 N. D. 293, 103 N. W. 610; also cases cited in note found in 92 Am. St. 89, et seq.

Defendant relies upon State v. Price, 127 Iowa, 301, 103 N. W. 195, and State v. Dye, 81 Wash. 388, 142 Pac. 873. The Price case supports his contention. In that case two indictments were returned against the defendant at the same time—one for statutory rape and the other for incest; both charged the crime to have been committed on October 1. Defendant was tried and acquitted of the charge of statutory rape, and interposed such acquittal as a bar to the prosecution for incest. At the trial upon the charge of rape, the state proved all the acts of intercourse between the parties, but, at the conclusion of the evidence elected to rely upon an act committed on or about October 28. At the trial upon the charge of incest, the state also proved all the acts of intercourse between the parties, but at the conclusion of the evidence elected to rely upon an act committed on November 12. The court held that the acquittal at the first trial barred the second prosecution, but two of the judges vigorously dissented. In the dissenting opinion, Justice McLain states [127 Iowa, 313] : "The rule which I think should be adopted is that the second prosecution will be barred only where the transaction for which defendant has once been prosecuted is the same as that for which he is proceeded against on the second prosecution, or at least involves the same acts. That identity of transactions as the controlling consideration, is the rule of the greater number of cases, especially of the modern cases." In the recent case of State v. McAninch, 172 Iowa, 96, 154 N. W. 399, the Iowa court limit the Price case materially, and quote the above rule from the dissenting opinion of Justice McLain with apparent approval. Unless limited so as to bring it within the Iowa statute, declaring the effect to be given to an acquittal, the Price case seems opposed to the weight of authority in holding that an acquittal of statutory rape is a bar to a prosecution for incest. See State v. Learned, 73 Kan. 328, 85 Pac. 293.

In the Dye case an information, filed September 3, 1912, charged that the defendant [81 Wash. 389] "within three years immediately preceding the date of the filing of this information, * * * did carnally know * * * a female child bewteen the ages of ten and fifteen years." After the state had submitted its evidence and rested, the court dismissed the case for failure of proof. Shortly thereafter the state filed another information, charging an offense committed on or about February 1,

1912. The court held the first prosecution a bar to the second. So far as appears no specific offense was pointed out at the first trial, either by election or otherwise, and the state was permitted to prove any and all offenses which took place within three years immediately preceding September 3, 1912, and could have procured a conviction if it had succeeded in establishing any of them. The second prosecution was for a specific offense alleged to have taken place within this period. This case seems to be governed by the principle stated by Chitty, and is an authority for the well-established rule that where the state is permitted to prove any and all similar offenses which have taken place within a designated period, without electing upon which offense it will rely, and can secure a conviction if the jury find that the defendant has committed any one of such offenses, an acquittal is a bar to a second prosecution for any specific offense committed within the designated period. State v. Nunnelly, 43 Ark. 68; State v. Blahut, 48 Ark. 34, 2 S. W. 190; Deshazo v. State, 65 Ark. 38, 44 S. W. 453; Bryant v. State, 72 Ark. 419, 81 S. W. 234; State v. Stephens, 70 Mo. App. 554; State v. Nutt, 28 Vt. 598; Chesapeake & O. Ry. Co. v. Commonwealth, 88 Ky. 368, 11 S. W. 87; Pope v. State, 63 Miss. 53; also the exhaustive note in 92 Am. St. pages 89-159.

In such cases the verdict of not guilty in the first prosecution necessarily found that the defendant had not committed the offense charged in the second prosecution. But where the state, although permitted to prove several similar offenses, is required to and does point out the specific offense for which it seeks a conviction, and the jury is required to acquit the defendant, unless they find that he had committed that particular offense, a verdict of not guilty is not a finding that the defendant had not committed other similar offenses, and is not a bar to another prosecution for another and different but similar offense. State v. Shafer, 20 Kan. 226, 2 Pac. 689; State v. Kuhuke, 30 Kan. 402; State v. Learned, 73 Kan. 328, 85 Pac. 293; State v. Blahut, 48 Ark. 34, 2 S. W. 190; Deshazo v. State, 65 Ark. 38, 44 S. W. 453; People v. Williams, 133 Cal. 165, 65 Pac. 332; Fehr v. State, 36 Tex. Crim. 93, 35 S. W. 381, 650; Chesapeake & O. Ry. Co. v. Commonwealth, 88 Ky. 368, 11 S. W. 87; People v. Sinell, 131 N. Y. 571, 30 N. E. 47; State v. Stephens, 70 Mo. App. 554; State v. Howe, 27 Ore. 138, 44 Pac. 672; State v. Ainsworth, 11 Vt.

91; State v. Oakes, 119 Mo. 792, 202 Mo. 86, 100 S. W. 434, 119 Am. St. 792; Pope v. State, 63 Miss. 53, also cases cited in note in 92 Am. St. pages 89-159, especially those cited on page 155.

In the present case, the state, at the first trial, designated a single criminal act committed on January 16, 1914, as the specific crime for which it sought a conviction, and could not convict unless it proved that particular criminal act. At the second trial the state designated a single criminal act committed on July 16, 1914, as the specific crime for which it then sought a conviction, and could not convict unless it proved that particular criminal act. Where the state, in order to convict, must establish the commission of a specific criminal act, such criminal act may be identified and distinguished from other like criminal acts by the time when it was committed, by the place where it was committed, or by any other clearly distinguishing incident.

At the trial for the offense of January 16, the state could not convict by proving the act of July 16, and consequently did not need to prove the act of July 16, and in fact did not prove that act. Likewise at the trial for the offense of July 16, the state could not convict by proving the act of January 16, and did not need to prove that act, and proof thereof was admissible only as corroborative evidence. At each trial defendant was in jeopardy only as to one specific crime. It is true that at each trial, when the evidence disclosed that he had committed several similar criminal acts, the particular crime for which he was in jeopardy was uncertain until made certain by the election which the state was required to make; but this resulted from the rules of evidence which apply in such cases, not from an attempt to convict him at such trial if he had committed any one of two or more offenses. At neither trial could the jury have returned a verdict of guilty in case they found that defendant had not committed the specific crime pointed out, but had committed another similar crime.

Our conclusion is that the acquittal of defendant for the offense of January 16, 1914, is not a bar to the present prosecution for the offense of July 16, 1914.

The burden rested upon the defendant to establish his plea of former acquittal by showing that he had been acquitted of the same offense for which he was then on trial. As the evidence, standing uncontra-

dicted, was insufficient in point of law to establish such fact, the court correctly disallowed the plea without submitting it to the jury.

Of the specific questions submitted, the first and second are answered in the affirmative, and the third, fourth and fifth in the negative.

Case remanded.

The Chief Justice took no part in the decision herein.