No. 33,603

THE STATE OF KANSAS, *Appellee*, v. RICHARD E. BROWN, *Appellant*.

(73 P. 2d 19)

Opinion filed November 4, 1937.

*J. H. Jenson,* of Oakley, for the appellant.

*Clarence V. Beck,* attorney general, *C. Glenn Morris,* assistant attorney general, *Jesse I. Linder,* county attorney, *Herbert Hampton, R. H. Thompson,* both of Gove, and *W. L. Sayers,* of Hill City, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: The defendant was convicted of the crime of statutory rape, and appeals.

In November, 1933, the defendant was tried in the district court of Gove county, Kansas, on an information wherein he was charged in one count with the crime of rape, alleged to have been committed within two years preceding the filing of the information, but specify-

ing no particular date. Upon proper motion of the defendant the state elected to stand on the proof of the crime committed on March 18, 1932. The jury returned a verdict of not guilty.

Thereafter a new information was filed charging the defendant with the crime of rape on five specific dates, all within the two-year period mentioned in the former information. Upon an original proceeding in habeas corpus it was held that upon a trial under the second information the accused would not be twice put in jeopardy for the same offense. (*In re Brown*, 139 Kan. 614, 32 P. 2d 507.)

The second information was filed February 1, 1934.

Sections 1 and 2 of chapter 163 of the Laws of 1935 read as follows:

"When one is properly charged in one or more counts of a complaint, indictment, or information with an offense, or offenses, against any of the laws of the state, and upon the trial of the action evidence is admitted of other offenses which might have been included as other counts in the complaint, indictment, or information, or on which the state might have elected to rely in the action then being tried, a conviction or acquittal on the charge, or charges, as made in the complaint, indictment, or information, shall operate as a bar to any subsequent prosecution of the same person in another action for any act or acts for which the state could have asked for a conviction under the complaint, indictment or information in the former trial." (G. S. 1935, 62-1449.)

"This act shall take effect and be in force from and after its publication in the official state paper."

This act became effective February 20, 1935. The enactment of the statute was therefore subsequent to the date of the second information, but prior to the trial thereunder. On March 18, 1935, defendant filed a plea in abatement, on the ground that the statute above quoted operated as a bar to further prosecution. The state's demurrer to this plea in abatement was sustained, and the defendant appealed. The appeal was dismissed by this court. (*State v. Brown*, 144 Kan. 573, 61 P. 2d 901.)

Thereafter a trial was had and a verdict was returned finding the defendant guilty on three counts, and this appeal is from the judgment of conviction.

The defendant contends that the enactment of chapter 163 of the Laws of 1935 granted him immunity from prosecution. He claims the act was valid and retroactive in operation.

It is not denied that at the time the prosecution of the defendant was commenced the laws of the state denounced the crime charged against him, provided rules of procedure for his trial, and were ample to enforce the judgment pronounced. Did this act abolish the

rules of procedure then in force? It does not in terms purport to repeal any existing statute.

At the time the act was passed there was in force G. S. 1935, 77-201, which provides:

"In the construction of the statutes of this state the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the statute:

"*First.* The repeal of a statute does not revive a statute previously repealed, nor does such repeal affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed. The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such provisions, and not as a new enactment."

This statute was construed in the case of *In re Schneck,* 78 Kan. 207, 96 Pac. 43. In that case this court held the death penalty could be imposed, notwithstanding the fact the death-penalty statute had been repealed subsequent to the commission of the offense and prior to the trial. The court said:

"It is urged on behalf of the petitioner that, as the criminal action against him was not commenced until after the repeal of the statute imposing the death penalty, the penalty of death cannot be imposed upon him, if he be convicted, and therefore the crime charged is not a capital offense and is bailable. Had the legislature in the enactment of the amendment which changes the penalty provided to what cases the amendment should be applicable with reference to the time of its passage, the special provision would control. In the absence, however, of any such provision the general provision in section 7342 applies. The disputed question, then, hinges upon the meaning of the words 'penalty incurred,' as used in the general provision. Primarily they mean a punishment brought upon one's self, but they are used with reference to civil forfeitures also. Any civil claim to which the latter meaning might attach is fully comprehended and protected in a former clause of the section: 'any right which accrued.' It is not to be presumed that the clause in question adds nothing to the provision; hence we conclude the words were used in their primary and more usual signification, and the clause is especially, if not solely, applicable to criminal cases.

"The penalty is imposed by the court after the fact of guilt is legally determined. It is incurred when the act for which the law prescribes the penalty is committed. It follows, then, since the crime is charged to have been committed before the repeal of the statute prescribing the penalty of death, that the repeal and amendment do not affect the penalty of the crime charged, and, assuming that the proof is evident and the presumption great, the petitioner is not entitled to bail."

In the early case of *State v. Boyle,* 10 Kan. 113, the power of the legislature in repealing a statute to save the rights and remedies that had accrued under it was considered. It was there said:

"This action was prosecuted under section 3 of the 'Act relating to settlers upon land without any legal right thereto.' (Chapter 96, G. S. 953.) This act was in force at the time the prosecution was commenced, but it was repealed before the defendant was sentenced, or before any judgment was rendered against him. The repealing statute is entirely silent as to whether rights or remedies already accrued, or prosecutions already commenced under it should be saved and preserved, or should be abrogated and destroyed. (Laws 1871, p. 28.) And if no saving clause or saving statute can anywhere be found, it must be of course admitted that the state has no right to proceed any further in the case after said repealing statute was passed. It must be admitted that no sentence can be pronounced and no judgment can be rendered under a statute that has been absolutely repealed. Was this statute absolutely repealed? Under the rules of the common law for determining the extent and the effect of repeals this statute would be absolutely repealed; but we shall presently see that these rules have been changed by statute in some very essential particulars. We suppose no one will question the power of the legislature, when repealing a statute, to save all rights and remedies which have accrued under it, to either the state or to individuals, and in criminal cases as well as in civil cases, and to provide that all suits then pending shall proceed to their final determination as though no repeal had ever been had. And we also suppose it will be conceded that if this court can determine from all the statutes that it was the will and intention of the legislature, when they repealed any given statute, that all rights and remedies which had previously accrued thereunder should be saved, it would be our duty to so declare, whether the legislature had made their will and intention known by any express provision in the repealing statute or not. In other words, we suppose we are not bound to look to the repealing statute alone to ascertain the will and intention of the legislature in the premises, but may look for that purpose to all the statutes in force at the time of the passage of the repealing statute. At the time this repealing statute was passed, the following statute was in force: 'The repeal of a statute does not revive a statute previously repealed, nor does such repeal affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced under or by virtue of the statute repealed.' This is a portion of section 1 of the 'Act concerning the construction of statutes.' (Chapter 104, G. S. 998.) And this statute changed the construction that would otherwise and at common law be given to said repealing statute."

It is clear that our statute G. S. 1935, 77-201, has always been construed as a saving statute as well as a guiding rule of construction. It becomes a part of every repealing statute that does not specifically state that it is to have a retrospective effect.

Defendant admits the general rule to be that statutes are construed to operate prospectively rather than retrospectively, unless the contrary appears. (*Douglas County v. Woodward*, 73 Kan. 238, 84 Pac. 1028; *State v. Trust Co.*, 99 Kan. 841, 165 Pac. 156; *City of Wichita v. Railroad & Light Co.*, 96 Kan. 606, 152 Pac. 768; *Light-*

*ner v. Insurance Co.,* 97 Kan. 97, 154 Pac. 227; *Bailey v. Baldwin City,* 119 Kan. 605, 240 Pac. 852.) Defendant insists, however, there is a distinction where the statute applies to the procedure or remedy and does not affect any substantial rights. In support of this contention, counsel relies upon 59 C. J. 1173-1175 and many cases from other jurisdictions.

The rule is not one of universal application. Thus, in *United States v. St. Louis, Etc., Ry. Co.,* 270 U. S. 1, 46 S. Ct. 182, 70 L. Ed. 435, it was said:

"That a statute shall not be given retroactive effect unless such construction is required by explicit language or by necessary implication is a rule of general application. It has been applied by this court to statutes governing procedure, *United States Fidelity & Guaranty Co. v. United States,* 209 U. S. 306 [52 L. Ed. 804, 28 Sup. Ct. Rep. 537]." (p. 3.)

In *Serrault v. Price,* 125 Kan. 548, 265 Pac. 63, it was held that an act reducing the time within which an action to contest might be brought, from two years to one year was prospective and not retrospective in effect.

In *Douglas County v. Woodward,* supra, this court quoted with approval the following passage from Potter's Dwarris, Stat. & Const. 162, note:

" 'The general rule is that no statute, however positive in its terms, is to be construed as designed to interfere with existing contracts, rights of action or suits, and especially vested rights, unless the intention that it shall so operate is expressly declared, and courts will apply new statutes only to future cases, unless there is something in the very nature of the case, or in the language of the new provision, which shows that they were intended to have a retroactive operation. And although the words of the statute are broad enough in their literal extent to comprehend existing cases, they must yet be construed as applicable only to cases that may thereafter arise, unless a contrary intention is unequivocally expressed therein.' " (p. 241.)

Section 2 of chapter 163 of the Laws of 1935 provided that "This act shall take effect and be in force from and after its publication in the official state paper." It does not in terms apply to cases then pending, and we cannot translate "from and after" to mean "from and before."

Finally, we are urged to reconsider and overrule the law as stated by this court in syllabus paragraph four of *In re Brown,* 139 Kan. 614, 32 P. 2d 507. Even if that question were properly before us at this time, the majority of this court adheres to the rule there announced.

Finding no error in the record, the judgment must be affirmed. It is so ordered.

SMITH, J. (dissenting): I dissent from the conclusion reached. In my judgment this court should reëxamine its opinion in *In re Brown*, 139 Kan. 614, 32 P. 2d 507, and overrule the law stated in paragraph 4 of that syllabus and the corresponding portion of the opinion. The proposition is of such far-reaching importance in the development of the criminal procedure of our state that I shall set down my views as briefly as possible.

The third paragraph of the syllabus of *In re Brown* is helpful to us in this discussion. It is as follows:

"An accused is in jeopardy, as that word is used in section 10 of the bill of rights of the constitution, when he is placed on trial in a court of competent jurisdiction by a duly impaneled jury upon a legally sufficient information on which he has been duly arraigned and to which he has pleaded."

It would seem that the fair interpretation of the above language should be, that the point in the conduct of a trial when jeopardy attaches is when the jury has been impaneled. In this case everybody admits that the court had jurisdiction; that the jury was impaneled; that the information was legally sufficient; that the defendant had been arraigned and had pleaded. It may safely be said that the arraignment and the plea had all taken place before the impaneling of the jury. Section 10 of the bill of rights provides, in part, as follows:

"No person shall . . . twice be put in jeopardy for the same offense."

We must examine, then, whether the transaction for which defendant was tried the second time was the same offense for which he was tried the first time. Here again we receive some help from the authorities cited in *In re Brown*, supra. The rule is quoted from 16 C. J. 265, as follows:

"A test almost universally applied to determine the identity of the offenses is to ascertain the identity, in character and effect, of the evidence in both cases. If the evidence which is necessary to support the second indictment was admissible under the former, was related to the same crime, and was sufficient if believed by the jury to have warranted a conviction of that crime, the offenses are identical, and a plea of former conviction or acquittal is a bar. But if the facts which will convict on the second prosecution would not necessarily have convicted on the first, then the first will not be a bar to the second, although the offenses charged may have been committed in the same transaction."

Let us examine the above rule in the light of the case with which we have to deal. Certainly the evidence introduced to support the second information was admissible under the former. Certainly it related to the same crime, that is, the offense of statutory rape, and had the evidence used at the second trial been believed by the jury it would have warranted a conviction of the crime charged in the first information. Let us examine the concluding sentence. When we do so we must conclude that the facts which convicted on the second count would have convicted on the first.

In view of the above it might be wondered where the question arises in this case. The confusion comes about through the announcement of a general rule, as follows:

"When time is not of the essence of an offense, the state is not confined in its proof to any specific date, but it may be proved at any time within the statute of limitations, and therefore in such cases a conviction or an acquittal will usually operate as a bar to a subsequent prosecution for this offense at any time prior to the filing of the information or indictment. But this does not mean that one convicted of crime is immune thenceforth as to any other charge of the same nature merely because the crime was committed prior to the return of that indictment. The burden is on defendant to plead and to prove that the former conviction or acquittal was for the same offense. It has been held that a prior prosecution is a bar to a further prosecution for such offenses only as the prosecution proved or attempted to prove on the prior trial. . . . Moreover, where the state, although permitted to prove several similar offenses, is required to and does point out the specific offense for which it seeks a conviction, and the jury is required to acquit defendant if they do not find that he has committed that particular offense, the first prosecution is not a bar to the subsequent one." (16 C. J. 267.)

Particular attention is called to the concluding paragraph of the above rule.

Here it should be noted that jeopardy began as soon as the jury was impaneled in the first trial of this case or any similar case. That is a general rule. It would seem, then, that any discussion of what effect certain evidence might have should be directed to the course of the trial from the impaneling of the jury to the end of the trial, not to what the state might elect to do at the end of its case. The wrong conclusion in this case is caused by a failure to give that point the weight to which it is entitled.

The faulty conclusion has its inception in early decisions of this court.

The case of *State v. Brooks*, 33 Kan. 708, 7 Pac. 591, was a prosecution for a violation of the prohibitory laws. The information

charged the defendant in four counts with four separate violations, each on a blank day of the year 1884. When the information was attacked for indefiniteness this court held that since it was not necessary for the state to prove that the violations took place on a certain day it was not necessary to charge the offenses to have been committed on a certain day just so the charge and the proof covered a time not barred by the statute of limitations. It seems to me now as though the reason given for approving this sort of an information was not a good one and that the result of it was to deprive the defendant of his constitutional right to be informed as to the charge upon which he was being put on trial with a reasonable degree of certainty, but the rule is firmly imbedded in our practice now and perhaps nothing can be done about it. The result of it, however, is that in the present case evidence of any act of statutory rape committed by defendant against the same female any time within two years of the time charged would have sustained a conviction. Thus the rule as to identity of offenses is met in these two prosecutions.

The case of *State v. Crimmins*, 31 Kan. 376, 2 Pac. 574, was another prosecution for violation of the prohibitory law. There the information charged the commission of the offense, "on or about" a certain day. There was evidence introduced by the state as to several transactions within the period permitted by the statute of limitations. On motion of the defendant the trial court required the state to elect upon which transaction it would rely, following *State v. Schweiter*, 27 Kan. 499. The language of this court in approving the order of the trial court requiring the state to elect is of interest to us here. It was quoted in the prevailing opinion and will not be set out here. We find no statement by this court in that opinion which would lead us to believe this court thought the time when jeopardy began was changed from the time when the jury was impaneled to a later time when the state was required to make an election.

The two authorities upon which defendant relies are *State v. Price*, 127 Ia. 301, 103 N. W. 195, and *State v. Dye*, 81 Wash. 388, 142 Pac. 873.

In the Dye case the defendant had been charged with rape of a female child under the age of 15 years. At the close of the state's evidence the accused was discharged on account of insufficient evidence. Subsequently he was arrested and put on trial for the crime of forcible rape on the same female committed during the same

three-year period during which the first offense had been charged. The court held that he could not be tried the second time regardless of the fact that there was the element of force in the second case that was not present in the first prosecution.

The Price case was one where the accused had been acquitted of the crime of rape on a female under the age of consent. That acquittal was held to be a bar in a later prosecution for the crime of incest with the same female during the same period of time. In the opinion, among other things, the court said:

"The test is not whether the defendant has already been tried for the same act but whether he has been put in jeopardy for the same offense." (p. 307.)

I do not care particularly for these two decisions. They do not quite reach the point I have in mind, that is, that the effect of the proceedings against defendant must be considered from the standpoint of what the state of the prosecution was when he was first put in jeopardy. The only helpful feature is that the underlying philosophy of the Price case was the same as that which I am contending should be the underlying reasoning of this case. I really like the result of the case of *State v. Learned,* 73 Kan. 328, 85 Pac. 293, better. There this court said:

"The distinctive ingredient of the crime of incest is the relationship of the parties, while the distinctive ingredient of the crime of statutory rape is the youthfulness of the female. The evidence necessary to convict of incest would not be sufficient to convict of statutory rape, as there need be no evidence as to the age of the female. On the other hand, evidence that would convict of statutory rape would not suffice to convict of incest, as the relationship is wanting. Hence the crimes, although committed by the same act, are different crimes; and a prosecution for one is no bar to a prosecution for the other." (p. 331.)

It will be seen that all this case holds is that incest and rape are two different crimes. It is based on the case of *State v. Patterson,* 66 Kan. 447, 71 Pac. 860, which held that a prosecution for forging entries in books of account would not bar a prosecution for embezzlement.

In the prevailing opinion in *In re Brown,* supra, the case of *State v. Healy,* 136 Minn. 264, 161 N. W. 590, L. R. A. 1917 D 726, is cited as reaching a different result than was reached in the Price and Dye cases. In that case three indictments were returned against the defendant charging carnal knowledge of a female child under the age of consent. One of these indictments charged the commission of the offense on April 5, 1913, another the same offense com-

mitted on January 16, 1914, and another the same offense committed on July 16, 1914. He went to trial on the indictment charging the offense committed on January 16, 1914. He was acquitted. The indictments charging the offense on July 16, 1914, and April 5, 1913, were then dismissed. Subsequently he was indicted for carnal knowledge of the same child charged to have been committed on July 16, 1914, and April 5, 1913. He entered a plea of not guilty and of former acquittal to these two indictments. The plea of former acquittal was overruled. He was placed on trial for the offense charged on July 16, 1914. He was found guilty on this charge. On the trial at which the defendant was acquitted the state had introduced evidence tending to show an act of intercourse on or about January 16, 1914, at the county jail, and had then shown by the girl that other acts had taken place at different dates prior to that time. At the conclusion of the state's evidence, on motion of the defendant, the state was required to elect upon which offense it would rely for conviction. The state elected the date charged in the information. The jury was confined to that particular date. The defendant was acquitted. In the second trial the state proved the commission of the offense on July 16, 1914, and then presented other evidence as to other acts about as they had been presented at the former trial. In submitting the case to the jury the court confined them to the specific offense committed on July 16, 1914, the date specified in the indictment. The defendant was found guilty. The defendant contended on appeal that proof of all acts of carnal knowledge that took place before the return of the former indictment and within the limit set by the statute of limitations was admissible at his trial upon his former indictment; that the state had a right to elect upon which of such acts it would rely for conviction and could not be required to make such election until the close of its case in chief; that he was in jeopardy as to all such acts until the state made its election; that he could have been convicted at the trial upon the former indictment for the same act for which he was convicted at the present trial; and that in consequence thereof the former acquittal is a bar to the present prosecution. The court held contrary to this argument and disapproved the Price and Dye cases. I do not like this decision. To say the least, it violates the spirit of the double jeopardy clause. It is not, moreover, a controlling authority here. In the first place, both indictments charged the commission of the offense at a particular time.

It was not, as in our case, a blanket indictment covering any time during two years. The opinion itself shows, moreover, that it is not soundly based. The following rule is laid down:

"But where the state, although permitted to prove several similar offenses, is required to and does point out the specific offense for which it seeks a conviction, and the jury is required to acquit the defendant unless they find that he had committed that particular offense, a verdict of not guilty is not a finding that the defendant had not committed other similar offenses, and is not a bar to another prosecution for another and different but similar offense." (p. 270.)

Let us see what authorities are given to support that rule.

The first one is the case of *State v. Shafer*, 20 Kan. 226. That case was a liquor prosecution. The defendant was charged in two separate complaints with selling liquor—one on August 22 and the other on August 27. He pleaded guilty to the first one and was fined. On his trial for the second sale he raised the question that the plea of guilty was a bar to his prosecution on the second. Of course this court held that two separate and distinct offenses were charged.

The next case cited is *State v. Kuhuke*, 30 Kan. 462, 2 Pac. 689. This was another liquor prosecution. In that case the defendant was charged with the commission of the offense on April 29, 1882. At the end of the state's evidence the state was required to elect upon what particular sale it would rely and did elect a sale to one Vassar. The defendant then filed a plea in bar setting up a former acquittal. Evidence was then introduced to show that defendant had been tried and acquitted on a complaint charging him with selling liquor on January 20, 1882. Vassar was not a witness at the former trial, nor was the transaction between him and defendant, as testified to by Vassar, considered by the jury. The court held, of course, that these were altogether different transactions. It was much the same as though the transactions in this case had been between defendant and two different girls.

The next case cited is the case of *State v. Learned*, 73 Kan. 328, 85 Pac. 293. We have already seen that this case is not in point here.

The next case is *State v. Blahut*, 48 Ark. 34, 2 S. W. 190. That was a liquor prosecution. The charge was selling liquor to a minor. Two indictments, one for selling on the 15th day of January, and another for selling on the 15th day of February, were returned. The plea was that a plea of guilty to the February 15 sale was a bar to prosecution on the January 15 sale. The court held they were separate offenses.

The next case is *Deshazo v. State,* 65 Ark. 38, 44 S. W. 453. In that case the defendant was charged with the sale of liquor. The court held:

"Where, on a prosecution for selling liquor without license, there is evidence of two such sales, and the state does not elect on which sale it will ask a verdict, and the jury were not directed to confine their consideration to one of the sales, a conviction therein is a bar to a subsequent prosecution for either of the sales."

The next case relied on is *People v. Williams,* 133 Cal. 165, 65 Pac. 323. All that case holds is that where the prosecuting witness in a rape case testifies to many acts of intercourse, an instruction that if the jury believed that defendant had had intercourse with her at any time within three years after the indictment, they should find him guilty, was erroneous.

The next case is *Fehr v. The State,* 36 Tex. Crim. Rep., 93, 35 S. W. 381. That is another case where, in a prosecution under the prohibitory statutes, indictments were found, each naming a particular date. As to one of which he was found not guilty. Clearly the two are distinct offenses. The case is no authority here.

The case of *Chesapeake & Ohio R. R. Co. v. Commonwealth,* 88 Ky. 368, 113 S. W. 187, is one where two indictments were returned against a railroad company for obstructing a crossing. One of the cases was tried and defendant was acquitted. Upon the trial of the other the defendant raised the former acquittal as a bar. While at first the opinion might seem to be authority for the rule here, it should be noted that two distinct offenses were charged at the same time by the two indictments. The court said:

"Whether the accused has been once in jeopardy; whether the state has, upon the trial of another indictment, proved, or tried to prove, the same offense, is, however, in a case like this one, where there is testimony tending to so show, a question of fact to be submitted to a jury under proper instructions. It rests upon the defendant to show, however, that he has been acquitted of the identical offense; but this is done when it is made to appear that the same conduct was previously inquired, or attempted to be inquired, into by the state.

"In this instance the appellant offered testimony tending to show that upon the trial of the first indictment the commonwealth, in the examination of its witnesses, embraced the entire year, and endeavored to prove that at sometime during that period the appellant had committed the act constituting the offense. This, if true, necessarily involved the attempt to prove the obstruction of the road at the time named by the witnesses in this case, and the issue thus presented should have been submitted to the jury." (p. 372.)

The case of *State v. Stephens*, 70 Mo. App. 554, is authority for the rule contended for by the defendant here. There an indictment charged the defendant in a single count with sales of liquor. At his trial the prosecution introduced evidence tending to show that defendant had within one year next before the finding of the indictment sold liquor to various persons at various times. The defendant stated on appeal that there were three other indictments pending against him in which the charge was identical. He asked the appellate court to state which one of the various sales, as to which evidence was introduced at the former trial, could be pleaded in bar at his trial on the later indictments. On this question the court said:

"Whilst this is so it seems to us that if several distinct acts of selling intoxicating liquor may be charged in one count of an indictment or information, and that when so charged they constitute but one offense . . .; that if a defendant be put upon his trial, and is convicted on an indictment or information so framed and the evidence adduced by the prosecution tends to substantially prove each sale or offense so charged, and that if he is afterward tried on another indictment or information charging similar offenses, and if the evidence in the latter case be in substance the same as in the former, that then the several sales or offenses so charged will be treated and considered as but one, and such evidence will be sufficient to warrant the court or jury in finding for defendant on the plea of former conviction. This follows as an inevitable corollary, for otherwise a defendant in such case could be twice placed in jeopardy for the same offense." (p. 563.)

In *State v. Howe*, 27 Ore. 138, 44 Pac. 675, all the court held was that under a prosecution of a county treasurer under a particular statute for conversion of public money, loaning the money and refusing to pay it over, each act constituted a separate and distinct offense.

In the case of *State v. Ainsworth*, 11 Vt. 91, the defendant was charged with selling intoxicating liquor in eleven counts to eleven different persons. At his trial the defendant offered to prove that he had been convicted of selling liquor before, during the same year. It appeared, however, that none of the persons to whom he had been convicted of selling liquor were the same persons to whom he was charged with making the sale in the later indictment. For this reason the court held that they were separate offenses.

In the case of *State v. Oakes*, 202 Mo. 86, 100 S. W. 434, the defendant had been charged in one count with having had carnal knowledge of a female who was his ward; in the third count with having taken a female child from her mother for purposes of concubinage. During the trial the first count was dismissed. He was

found guilty of the second count and acquitted as to the first. He was given a new trial. At this trial he raised the point that the acquittal as to the first count was a bar to his being tried on the second count. All the court held was that the offenses with which he was charged in the indictment were separate and distinct offenses, each denounced by a different statute.

The prevailing opinion in *In re Brown* cites *State v. Patterson*, 126 Kan. 770, 271 Pac. 390. That was a case where the defendant was charged with the offense of possession of intoxicating liquor. The information charged the offense to have been committed on the —— day of July. At the trial on the hearing of his plea in abatement the defendant showed that he had been charged on May 18, 1926, with having liquor in his possession, and on May 19 had been acquitted. He argued that since the state could have proved the acts with which he was convicted during the trial at which he was acquitted then the acquittal was a bar to his conviction for an act charged to have been committed during the time covered by the statute of limitations. This court affirmed the judgment of the trial court overruling this plea. It did so under the authority of *State v. Shafor* and *State v. Kuhuke*, supra. We have already shown here that these cases are not in point in this case. Furthermore, while the plea in abatement alleged that the defendant in that case had to be prepared to meet evidence relating to any claim of law violation during the two-year period, there was no claim nor does the record show that he actually had to meet such evidence in the first trial as the defendant in this case did. This is an important distinction, it seems to me, since my idea is that the effect of the first trial was fixed at the time jeopardy began; that is, when the jury was impaneled rather than at some later stage of the trial. It must be noted also that in the case of *State v. Patterson* the state was not required to make an election.

The case of *State v. Hibbard*, 76 Kan. 376, 92 Pac. 304, is worthy of our attention. In that case the defendant was charged with statutory rape. At his first and second trials the jury disagreed. The case was sent to another county for the third trial. Here defendant was convicted. At each of the trials several acts of intercourse were testified to. At the close of the state's evidence the defendant moved that the state be compelled to elect upon which of these acts it would rely for conviction. At the first trial the state relied on an act of August 2, 1903, and at the last two trials it relied

on a transaction testified to have taken place the week after Easter in 1903. On appeal the defendant contended that the state should not have been allowed to introduce evidence of several acts of intercourse with the purpose of determining later upon which to rely as constituting the offense charged, and that at all events, when such an election was made, it held good throughout all subsequent proceedings in the case and could not be changed at a later trial. This court made some statements as to the right of the state to do this, but the court held that once the defendant had asked the trial court for an election and the state had elected and the defendant at a subsequent trial asked another such election the defendant could not complain when the subsequent election was allowed. That was the basis for the holding in that case.

The authorities upon which the rule announced in *State v. Healy*, supra, was based have been critically examined here for the reason that a decision restricting or narrowing the application of a constitutional guaranty so vital to the citizen should not be made lightly. Where the authorities require such a result they should be followed, but a court should be careful in considering such a question to see that such a result is required.

The case of *State v. Rush*, 138 Kan. 465, 26 P. 2d 581, is not in point here. In that case the defendant was charged in fifty-eight counts with embezzlement under different provisions of the statute. As far as we are interested, at his first trial the state was required to elect as to certain counts. That trial resulted in the jury being discharged because it could not agree. The state started in to try him the second time on counts other than the ones on which it had elected to try him at the first trial. The trial court sustained a plea in abatement as to these counts because defendant had been in jeopardy as to them. The language of the opinion upon which the state relies is as follows:

"Defendant was placed in jeopardy, and election of the state to rely for conviction on other counts ended prosecution on the counts abandoned by the election. The state cites cases relating to election between transactions proved to support the charge contained in a count. In such cases the state may, at a subsequent trial, prove and rely on any transaction disclosed by the evidence at the first trial, and the rule is the same whether the charge be of a misdemeanor or of a felony." (p. 471.)

I have examined this language, and also the language of *State v. Hibbard*, supra. I am convinced that the court in each case was

considering successive trials of the same prosecution rather than a new trial based on a new information, a situation entirely different from the one we are considering.

The reason for the rule against double jeopardy is that common justice requires that a citizen ought to be able to be sure some time that the state has finished pursuing him. In the cases involving a prosecution for violation of the prohibitory statutes a persuasive argument might be made that efficient enforcement of the law required a construction of the constitution that would permit prosecutions of the sort dealt with in the opinions cited. In liquor cases a prosecuting attorney does not always know just what the state's evidence will show. No such reason exists in a prosecution such as we have here, however. If there ever was a case where the prosecuting attorney should know before trial just what his evidence will show it is in prosecutions for statutory rape. In the very nature of things there can only be one main witness for the state. There is no reason why she would not divulge the numerous occasions on which she had intercourse with the defendant as frankly before the trial as to wait and tell about them during the trial. Such being the case, the approval of a practice such as was followed here would always permit a prosecuting attorney to have two or more opportunities to try a defendant where he was accused of statutory rape. It is not beyond the bounds of reason to assume that had the present trial resulted in an acquittal then the county attorney would have filed another charge based on some different dates. This would result in a defendant being ruined with the burden of prosecutions even though he would never be found guilty. This is, in my opinion, a violation of the letter and the spirit of section 10 of the bill of rights.

ALLEN, J., concurs in that portion of the dissent respecting the re-examination of the case of *In re Brown*.

WEDELL, J., concurs in the result reached in the dissenting opinion.